Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CELEBRITY TALENT INTERNATIONAL, LLC, a California Limited Liability Company; CELEBRITY TALENT INTERNATIONAL, LLC, a Nevada Limited Liability Company; GLENN RICHARDSON, an individual; and DOES 1-10,<br><br>Defendants. | Case No. 2:25-cv-03652-MCS-PVC<br><br>**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

Plaintiff August Image, LLC hereby prays to this Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because, as set forth below, this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. August is a New York limited liability company with its principal place of business located in New York, NY. August, a full-service rights managed collection, represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. As the exclusive licensing agent for the photographs at issue in this case and the photographers who created them, August is entitled to institute and maintain this action under 17 U.S.C. § 501(b).

5. Many of the photographs in August's portfolio are of celebrities and public figures. Numerous of the photographers who created the Subject Photographs (defined below) reside, work, and/or are based in this judicial district.

6. Upon information and belief, at the time of the infringements alleged herein, Defendant Celebrity Talent International, LLC is and/or was a California limited liability company with its principal place of business (and registered agent for service of process) located at 1935 Camino Vida Roble, Suite 230, Carlsbad, CA 92008. Upon information and belief, Celebrity Talent International registered with the California Secretary of State in approximately 1999 and remained registered through at least September 2020, including upon information and belief at the time of the infringements alleged herein.

7. Upon information and belief, Defendant Celebrity Talent International, LLC is a Nevada limited liability company with its principal place of business located at 3651 Lindell Road, Suite D423A, Las Vegas, NV 89103.

8. Upon information and belief, Defendant Glenn Richardson is a Nevada resident with a principal place of business located at 3651 Lindell Road, Suite D423A, Las Vegas, NV 89103.

9. Upon information and belief, Richardson does, and at the time of the infringements alleged herein did, business as "Celebrity Talent International." As such,

the Celebrity Talent International Defendants and Richardson are collectively referred to as "CTI."

10. CTI owns, operates, and/or controls, and at the time of the infringements alleged herein owned, operated, and/or controlled, the commercial website celebritytalent.net and its related/affiliated subdomains, mobile websites, social media pages, and applications (collectively, "Defendants' Website").

11. As part of its Website's services, CTI promotes a talent library of thousands of profiles of celebrities from which users of its Website can select their requested bookings. CTI displays photographs of the celebrities on their respective profiles.

12. In October 2014, CTI submitted to the U.S. Patent and Trademark Office a specimen of use constituting CTI letterhead noting its address of 2558 Roosevelt St., Suite 300, Carlsbad, CA 92008; and its website (i.e., Defendants' Website) at celebritytalent.net.

13. Since 2010 and continuing through at least July 2025, CTI represents (and has represented) on its social media that its website is celebritytalent.net and that it is located in Carlsbad, California.

14. In January 2018, CTI submitted to the U.S. Patent and Trademark Office a specimen of use constituting a printout of celebritytalent.net, the homepage of Defendants' Website. On that printout, CTI specifically identifies "Los Angeles" and "San Diego" as two of the markets it targets.

15. CTI has promoted its services to and in San Diego since at least 2016.

16. Since then, CTI has expanded its target markets to include "Los Angeles," "San Diego," "Anaheim," "San Francisco," and "Silicon Valley," which represents five of the 13 markets it specifically identifies on Defendants' Website and the most cities in any one targeted state.

17. On its dedicated "Los Angeles" webpage, CTI represents that "If you would need to book a major speaker or performer for an event in Los Angeles, Celebrity Talent International (CTI) can help you with a large range of options, such as motivational,

business, and keynote speakers, corporate entertainment, comedians, professional athletes, celebrity chefs, or top musicians, bands and acts. CTI offers Hollywood actors, Grammy Award winning performers and top speakers in Southern California. CTI has helped companies for over 25 years with their concerts and speaking engagements at the Los Angeles Convention Center, major event venues and all the top Los Angeles convention hotels. Use the power of star power, use CTI . . . CTI can offer our buyers major Los Angeles speakers, CEOs and published authors or a great name in politics from the local Los Angeles area."

18. CTI's dedicated "Los Angeles" webpage includes a fillable form for users to submit information to CTI with their contact information, Los Angeles event information, budget range, and talent requests. CTI clarifies that form submissions are subject to Defendants' Website's Privacy Policy and Terms of Service, which require users to opt in to receiving email and text message notifications, alerts, and marketing communications.

19. Specifically, the Privacy Policy for Defendants' Website specifies, and at the time of the infringements alleged herein specified, that CTI collects geographic-specific information—including phone number, address, city, state, zip/postal code, Internet Protocol ("IP") addresses, and location data—and financial information from its users to contact them with newsletters, marketing, promotional materials, and/or targeted advertisements; to handle contractual payments with CTI or to facilitate any purchases of products, services, or talent made available through Defendants' Website; and/or use third-party marketing services and vendors to serve tailored advertisements to users of Defendants' Website based on those users' visits to Defendants' Website. The Privacy Policy for Defendants' Website also specifies, and at the time of the infringements alleged herein has specified, California-specific privacy rights.

20. At the time of the infringements alleged herein, the Terms of Service for Defendants' Website specified that "These Terms shall be governed and construed in accordance with the laws of California, United States, without regard to its conflict of law provisions."

21. The webpages of Defendants' Website displaying Defendants' unauthorized uses of the Subject Photographs alleged herein (set forth below) include the above-referenced fillable forms subject to the above-referenced Privacy Policy and Terms of Service.

22. Upon information and belief, Defendants Does 1-10, are other parties not yet identified who have infringed the asserted copyrights, have contributed to the infringement of those copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to August, which therefore sues Doe Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

23. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the other Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of August's rights and the damages to August's proximately caused thereby.

**CTI'S UNAUTHORIZED USES OF THE SUBJECT PHOTOGRAPHS**

24. August is, and at all relevant times has been, the exclusive licensing agent for 11 original photographs registered with the U.S. Copyright Office (collectively, the "Subject Photographs") and the photographers who created them. Accordingly, August has standing to maintain this action under 17 U.S.C. § 501(b).

25. Following the publication and display of the Subject Photographs, Defendants, and each of them, copied, displayed, reproduced, and/or distributed the Subject Photographs on Defendants' Website without a license, authorization, or consent from August.

Case 2:25-cv-03652-MCS-PVC   Document 21-1   Filed 08/22/25   Page 6 of 15   Page ID #:137



6
FIRST AMENDED COMPLAINT

| SUBJECT PHOTOGRAPH | UNAUTHORIZED COPY |
|---|---|
| <br>AU1179968 |  |
|  | https://www.celebritytalent.net/sampletalent/12580/idris-elba/<br><br>https://www.celebritytalent.net/sampletalent/photos/sm/35140035.jpg<br> |



| SUBJECT PHOTOGRAPH | UNAUTHORIZED COPY |
|---|---|
|  |  |
| AU1993834 | https://www.celebritytalent.net/sampletalent/12613/ben-mckenzie/  https://www.celebritytalent.net/sampletalent/photos/sm/55542232.jpg |

| SUBJECT PHOTOGRAPH | UNAUTHORIZED COPY |
|---|---|
|  |  |
| AU2317995 | https://www.celebritytalent.net/sampletalent/3484/kate-winslet/ <br><br> https://www.celebritytalent.net/sampletalent/photos/sm/14911400.jpg |

| SUBJECT PHOTOGRAPH | UNAUTHORIZED COPY |
|---|---|
| AU11116554  | https://www.celebritytalent.net/sampletalent/12638/father-john-misty/  |
| AU11226307  | https://www.celebritytalent.net/sampletalent/16083/brendan-fraser/  |

11
FIRST AMENDED COMPLAINT



| SUBJECT PHOTOGRAPH | UNAUTHORIZED COPY |
|---|---|
| AU11230315  | https://www.celebritytalent.net/sampletalent/2109/anthony-hopkins  |
| AU1210285  | https://www.celebritytalent.net/sampletalent/13405/steven-r.-mcqueen/  |

12
FIRST AMENDED COMPLAINT

26. To the extent Defendants exploited the Subject Photographs on Defendants' Website more than three years before the filing of this case, August did not know, and had no reason to know, of such exploitation(s).

27. However, upon current information and belief, it appears that Defendants began exploiting some or all of the Subject Photographs in California and before Defendants represent they purportedly relocated CTI's principal place of business to Las Vegas, Nevada. For example, the metadata for the unauthorized copy of Subject Photograph AU2317995 indicates that CTI uploaded that copy to its Website in June 2016. That copy is still displayed on Defendants' Website as of at least July 2025.

28. In October 2024, August sent CTI correspondence demanding that CTI cease-and-desist from its unauthorized exploitation of the Subject Photographs and provide information regarding its sources and full scope of use of the same to allow the parties to discuss an informal resolution to this dispute. CTI did not respond, necessitating this case. Moreover, as of this submission, CTI continues to display numerous unauthorized copies of the Subject Photographs on Defendants' Website.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants)**

29. August incorporates by reference the allegations contained in the preceding paragraphs.

30. Upon information and belief, Defendants, and each of them, accessed the Subject Photographs by, among other things, viewing the Subject Photographs at August's and/or the relevant photographers' website(s), profiles, exhibitions, and/or social media pages; through third-party publications, websites, or Internet search engines; and/or because the above-referenced unauthorized copies are strikingly similar to the Subject Photographs.

31. Upon information and belief, Defendants, and each of them, displayed, reproduced, and/or distributed copies of the Subject Photographs for commercial

purposes on Defendants' Website without a license, authorization, or consent from August.

32. Due to Defendants' acts of copyright infringement, August has suffered damages in an amount to be established at trial.

33. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. As such, August is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement in an amount to be established at trial.

34. Upon information and belief, Defendants, and each of them, infringed the copyrights in the Subject Photographs with actual or constructive knowledge of, or with reckless disregard or willful blindness for, Plaintiff's rights in the Subject Photographs, such that Defendants' infringement was willful.

## **PRAYER FOR RELIEF**

Wherefore, August prays for judgment as follows:

a. An Order declaring that Defendants willfully infringed Plaintiff's rights in the Subject Photographs;

b. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants' and/or their agents, be enjoined from copying, storing, displaying, reproducing, distributing, and/or otherwise exploiting the Subject Photographs without a license, authorization, or consent from Plaintiff in a manner that infringes the copyrights in the Subject Photographs;

c. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

d. That Plaintiff be awarded its costs and fees as available under 17 U.S.C. § 505;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 22, 2025      By:   /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
DONIGER/BURROUGHS
*Attorneys for Plaintiff*