1  Ryan Gile, Esq.
2  California Bar No. 192802
   *rg@gilelawgroup.com*
3  **Gile Law Group Ltd**.
4  1140 N. Town Center Drive, Suite 100
   Las Vegas, NV 89144
5  Tel. (702) 703-7288

6  *Attorneys for Defendants Celebrity Talent International, LLC (Nevada) and
   Glenn Richardson*

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10 AUGUST IMAGE, LLC, a New York Limited Liability Company, | **Case No.:  2:25-cv-03652 MCS (PVCx)** |
| 11 Plaintiff, | **DEFENDANTS CELEBRITY TALENT INTERNATIONAL, LLC'S (NEVADA) AND GLENN RICHARDSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE** |
| 12 v. | |
| 13 CELEBRITY TALENT INTERNATIONAL, LLC, a California Limited Liability Company; | |
| 14 | |
| 15 CELEBRITY TALENT INTERNATIONAL, LLC, a Nevada | |
| 16 Limited Liability Company; GLENN RICHARDSON, an individual; and DOES 1-10, | |
| 17 | |
| 18 Defendants. | Judge: Mark C. Scarsi |
| 19 | Hearing Date: November 3, 2025 |
| 20 | NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

21

22

23

24

25

26

27

28

1

2

**TABLE OF CONTENTS**

3

I.    INTRODUCTION ................................................................................. 7

4

II.   RELEVANT FACTUAL BACKGROUND ........................................... 8

5

III.  THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS ... 11

6

     a.  Legal Standard for Personal Jurisdiction .................................. 11

7

     b.  This Court Lacks General Jurisdiction over CTI. ...................... 13

8

     c.  This Court Lacks General Jurisdiction over Mr. Richardson ............. 13

9

     d.  This Court Lacks Specific Jurisdiction over CTI ...................... 14

10

         i.   The Three-Prong Test for Specific Jurisdiction. ................. 14

11

12

         ii.  CTI Did Not Purposefully Direct its Activities toward California. .......... 15

13

         iii. The Copyright Infringement Claim Alleged by Plaintiff Did Not Arise Out of
         CTI's Forum-related Activities. ........................................ 18

14

15

         iv.  Mr. Richardson Cannot be Subject to Jurisdiction in California for Alleged
         Infringement that Commenced After 2019. ............................ 18

16

17

         v.   Exercise of Jurisdiction Would Be Unreasonable. ................ 19

18

     e.  Conclusion on Personal Jurisdiction. ...................................... 21

19

20

IV.   VENUE IS IMPROPER IN THIS COURT. ...................................... 21

21

V.    IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS CASE TO
THE DISTRICT OF NEVADA ............................................................ 22

22

23

     a.  Legal Standard. .................................................................... 22

24

     b.  If the Court Determines That Venue is Proper in This Court, then the First Prong is
     Satisfied. ................................................................................ 23

25

26

27

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

c.   The District of Nevada has Personal Jurisdiction Over the Defendants and Subject Matter Jurisdiction Over the Claim. .................................................................23

d.   Transfer Will Serve the Convenience of the Parties and Witnesses, and Will Promote the Interests of Justice. ............................................................................23

e.   Summary of Transfer of Venue. ...........................................................................26

VI.    CONCLUSION ...............................................................................................26

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

1

## TABLE OF AUTHORITIES

2

Cases

3

Adobe Sys. Inc. v. Glue Source Grp., Inc., 125 F. Supp. 3d 945 (N.D. Cal. 2015).......... 22

4

AirWair Int'l Ltd. v. Schultz, 73 F. Supp. 3d 1225 (N.D. Cal. 2014).............................. 16

5

Allen v. Superior Court 41 Cal.2d 306 (Cal. 1953)...................................................... 14

6

Amini Innovation Corp. v. JS Imps., Inc., 497 F.Supp.2d 1093 (C.D. Cal. 2007) .......... 22

7

Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex., 571 U.S. 49 (2013)

8

......................................................................................................................... 25

9

Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064 (9th Cir. 2017) .............. 14, 15

10

Ayla, LLC v. Alya Skin Pty. Ltd., 11 F.4th 972 (9th Cir. 2021)...................................... 15

11

Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124 (9th Cir. 2010) ........ 21, 22

12

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985)................................................... 14

13

Calder v. Jones, 465 U.S. 783 (1984) ........................................................................... 15

14

Carson v. VeriSmart Software, Case No. C 11-03766 (N.D. Cal. Mar 27, 2012) ........... 19

15

Creditors Adjustment Bureau, Inc. v. Big Valley Cold Storage, LLC, F072481 (Cal. App.

16

Mar 22, 2017) ............................................................................................................. 7

17

Daimler AG v. Bauman, 571 U.S. 117 (2014) ........................................................ 12, 13

18

Davis v. Cranfield Aerospace, Ltd., 71 F.4th 1154 (9th Cir. 2023) ................................ 15

19

Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834 (9th Cir. 1986).............. 22

20

Doe v. Unocal Corp., 248 F.3d 915 (9th Cir. 2011) ............................................... 12, 16

21

Dole Food Co., Inc. v. Watts, 303 F.3d 1104 (9th Cir. 2002)................................... 14, 15

22

Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A., 972 F.3d

23

1101 (9th Cir. 2020) ................................................................................................ 12

24

Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2011)................. 12, 13

25

Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp., 820 F.Supp. 503 (C.D. Cal.

26

1992).......................................................................................................................... 22

27

Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408 (1984) ...................... 12

28

Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450 (9th Cir. 2007) .............. 16

-4-

1

Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945) ............................................................ 12

2

Jones v. GNC Franchising, Inc., 211 F.3d 495 (9th Cir. 2000) ........................................ 24

3

King v. Russell, 963 F.2d 1301 (9th Cir. 1992) ................................................................ 21

4

LNS Enters. LLC v. Continental Motors, Inc., 22 F.4th 852 (9th Cir. 2022) .................. 12

5

Martinez v. Aero Caribbean, 764 F.3d 1062 (9th Cir. 2014) ........................................... 13

6

Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218 (9th Cir. 2011) ................. 15, 17

7

McGraw–Hill Cos. v. Ingenium Techs. Corp., 375 F.Supp.2d 252 (S.D.N.Y.2005) ....... 17

8

Milliken v. Meyer, 311 U.S. 457 (1940) .......................................................................... 14

9

Morrill v. Scott Fin. Corp., 873 F.3d 1136 (9th Cir. 2017) ............................................ 16

10

11

Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd., Case No. C18-0108JLR
   (W.D. Wash. May 24, 2018) ....................................................................................... 25

12

Panavision Intern., L.P. v. Toeppen, 141 F.3d 1316 (9th Cir. 1998) ......................... 16, 18

13

Pavlovich v. Superior Court, 29 Cal.4th 262 (Cal. 2002) .............................................. 14

14

Picot v. Weston, 780 F.3d 1206 (9th Cir. 2015) .............................................................. 16

15

Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491 (9th Cir. 1979) ............. 21

16

Ranza v. Nike, Inc., 793 F.3d 1059 (9th Cir. 2015) ........................................................ 13

17

Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007 (9th Cir. 2002) ................. 12, 16, 18

18

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 (9th Cir. 2004).......... 12, 14, 15

19

20

Shawarma Stackz LLC v. Jwad, No. 21-cv-01263-BAS-BGS, 2021 U.S. Dist. LEXIS
   235397 (S.D. Cal. Dec. 8, 2021) ............................................................................... 18

21

22

Siddiqi v. Gerber Prods. Co., No. CV 12-1188 PA, 2012 U.S. Dist. LEXIS 190628 (C.D.
   Cal. Mar. 26, 2012)..................................................................................................... 25

23

Walden v. Fiore, 571 U.S. 277 (2014)............................................................................. 16

24

Wash. Shoe Co. v. A–Z Sporting Goods Inc., 704 F.3d 668 (9th Cir. 2012) .................. 17

25

Young Props. Corp. v. United Equity Corp., 534 F.2d 847 (9th Cir. 1976) .................... 24

26

Ziegler v. Indian River Cty., 64 F.3d 470 (9th Cir. 1995)................................................ 20

27

Statutes

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

28 U.S.C. § 1338(a) ............................................................................................ 23

28 U.S.C. § 1400(a) ............................................................................................ 21

28 U.S.C. § 1404(a) ............................................................................. 22, 23, 26

28 U.S.C. § 1406(a) ............................................................................................ 21

Cal. Civ. Proc. Code Ann. § 410.10 .................................................................. 12

Rules

Fed. R. Civ. P. 12(b)(2) ............................................................................... 11, 21

Fed. R. Civ. P. 12(b)(3) ............................................................................... 21, 26

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

Defendants Celebrity Talent International, LLC (a Nevada limited liability company) ("CTI"), and Glenn Richardson ("Mr. Richardson") (collectively, "Defendants")[1] specially appear and respectfully submit the following Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss the First Amended Complaint filed by Plaintiff August Image, LLC ("August" or "Plaintiff") for Lack of Personal Jurisdiction, Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, or in the alternative, to transfer venue to the District of Nevada pursuant to 28 U.S.C. § 1404(a).

## I.    INTRODUCTION

Defendants make this special appearance and object to this Court's personal jurisdiction over them and to venue in this Court. CTI is a Nevada limited liability company with its principal place of business in Nevada. Mr. Richardson is an individual resident of Nevada who has not lived in California since 2019. Neither CTI nor Mr. Richardson have any current substantial connection to California. CTI is not registered to do business in California and has no offices or facilities here. The sole cause of action alleged in Plaintiff's Complaint is copyright infringement by CTI based on allegedly infringing photographs on CTI's website, which is operated and maintained by CTI in Nevada. The lack of contacts and acts purposefully directed at California that relate to Plaintiff's alleged claim mandates dismissal. The exercise of personal jurisdiction over Defendant would also be constitutionally unreasonable. Thus, this Court should dismiss the Complaint.

Alternatively, if the Court finds that it has personal jurisdiction over Defendants and that venue is proper, it should transfer the case to the Federal District Court for the District of Nevada because that court clearly has personal jurisdiction over both CTI and

---

[1] The third named defendant, Celebrity Talent International, LLC (the California Limited Liability Company) has been inactive since 2019 and is currently suspended by both the California Franchise Tax Board and the California Secretary of State [*See* Declaration of Glenn Richardson, at ¶ 8]. A California entity that is suspended cannot bring a civil action or defend itself against one or appeal a judgment. *See Creditors Adjustment Bureau, Inc. v. Big Valley Cold Storage, LLC*, F072481 (Cal. App. Mar 22, 2017).

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

Mr. Richardson and subject matter jurisdiction over Plaintiff's copyright infringement claim, and because transfer would serve the interests of justice and judicial economy.

## II.    RELEVANT FACTUAL BACKGROUND

On April 24, 2025, Plaintiff filed its original Complaint for copyright infringement against just CTI. [Dkt. No. 1]. On August 26, 2025 Plaintiff filed a First Amended Complaint ("FAC") adding Mr. Richardson, a Nevada resident and the owner of CTI, as well as an inactive California limited liability company previously operated by Mr. Richardson as additional defendants. [Dkt. No. 23]. The FAC, like the original Complaint, alleges that Defendants have infringed upon Plaintiff's copyrights in eleven photographs by reproducing those photographs on CTI's website without permission. [*Id.* at ¶¶ 24, 27-28].

CTI is a talent booking broker and celebrity event consultant located in Las Vegas, Nevada. [Richardson Dec. at ¶ 2]. As a "buyer-oriented" company, CTI assists companies and individuals throughout the United States and the world in finding a suitable performer for their event, negotiating a contract with the performer, and ensuring that everything runs smoothly. [Richardson Dec. at ¶ 3]. Parties looking for a performer can search via CTI's website for potential performers based on such criteria as price range, categories (athletes, actors, motivational speakers, etc.), and topics. [Richardson Dec. at ¶ 4].

CTI relies on its substantial experience in the talent booking industry and its extensive history working with a large number of talent representatives to provide the best experience and lowest talent fees for its clients, but does not directly represent performers and does not itself enter into contracts with performers; rather it simply assists clients in negotiating contracts between the client and the performer. [Richardson Dec. at ¶ 5].

In its FAC, Plaintiff correctly alleges that CTI is a Nevada limited liability company and that it owns, operates, and/or controls the website at celebritytalent.net, the website at issue in this case. [Dkt. No. 23 at ¶¶ 7, 9]. Plaintiff also correctly alleges that CTI's principal place of business is 3651 Lindell Road, Suite D423A, Las Vegas, Nevada. [*Id.*

-8-

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

at ¶ 7]. Plaintiff also correctly alleges that Mr. Richardson is an individual resident of Nevada. [Dkt. 23, at ¶ 8].

Mr. Richardson previously operated a separate California limited liability company with the same name, but that California LLC has been inactive since 2019. [Richardson Dec. at ¶ 8]. Plaintiff added this inactive California LLC to its FAC as an additional defendant and alleged that it was only registered to do business in California through September 2020, at the latest. [Dkt. 23, ¶ 6]. In fact, the California LLC has been inactive since Mr. Richardson moved to Nevada in 2019, and established the Nevada LLC that has maintained its principal place of business in Las Vegas, Nevada since that time. [Richardson Dec. at ¶¶ 8-9].

The Nevada LLC does not have and has never had a principal place of business – or any presence for that matter – at 1935 Camino Vida Roble, Suite 230, Carlsbad, California. [Richardson Dec. at ¶ 6]. All of the officers and key employees of CTI who would have knowledge of the facts relevant to this action are residents of Nevada. [Richardson Dec. at ¶ 10].

Plaintiff makes several jurisdictional allegations that reference actions taken by the California LLC prior to 2019, when it was still an active company. For example, Plaintiff alleges that in October 2014, "CTI submitted to the U.S. Patent and Trademark Office a specimen of use constituting CTI letterhead noting its address of 2558 Roosevelt St., Suite 300, Carlsbad, CA 92008" [Dkt. 23, at ¶ 12] and that in January 2018, "CTI submitted to the U.S. Patent and Trademark Office a specimen of use constituting a printout of celebritytalent.net, the homepage of Defendants' Website. On that printout, CTI specifically identifies 'Los Angeles' and 'San Diego' as two of the markets it targets." [Dkt. 23, at ¶ 14].

Importantly, the Nevada LLC had nothing to do with the activities alleged in these jurisdictional allegations. In fact, it is logically impossible for the Nevada LLC to have engaged in the activities that allegedly took place in 2014 or 2016, since it did not even exist at the time.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

Plaintiff seeks to avoid logical conundrum by engaging in sleight-of-hand. First, Plaintiff alleges in the FAC that "Upon information and belief, Richardson does, and at the time of the infringements alleged herein did, business as "Celebrity Talent International." [Dkt. 23, at ¶ 9]. This is plainly untrue. Neither the inactive California LLC nor the active Nevada LLC are merely fictitious business names used by Mr. Richardson; instead, they are separate, legitimate limited liability companies duly organized under the laws of California and Nevada, respectively. [Richardson Dec. at ¶ 12].

Second, Plaintiff makes the conclusory allegation that "each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the other Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of August's rights and the damages to August's proximately caused thereby." [Dkt. 23, at ¶ 23]. By making this allegation, Plaintiff is seeking to conflate the various Defendants into an amorphous blob that would subject all Defendants to personal jurisdiction in California, when in fact, the actual situation is quite different, namely that Mr. Richardson previously lived in California and operated a legitimate business there, but when he moved to Nevada in 2019, he established a separate, equally legitimate business in Nevada that has never been located in California and has never had substantial contacts with California that would subject it to jurisdiction there. Similarly, Plaintiff's only allegation regarding venue is the following conclusory boilerplate language: "Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred." [Dkt. No. 23 at ¶ 3]. Plaintiff's Complaint alleges no facts to support this conclusory allegation of proper venue.

The only cause of action alleged in the Complaint is copyright infringement. [Dkt. No. 23 at ¶¶ 29-34]. The basis for this claim is that CTI reproduced eleven copyrighted photographs without permission on its website (celebritytalent.net). [Dkt. No. 23 at ¶¶ 25,

28]. The website in question is maintained – and has been since 2019 – by CTI at its principal place of business, which is located in Nevada. [Richardson Dec. at ¶ 11]. Other than being accessible to users in California (and throughout the world), there is no connection – and Plaintiff does not allege any – connection between the website itself and the State of California other than the fact that the website was previously maintained by the now-suspended California LLC prior to 2020. Plaintiff does not even allege that all or even most of the photos in question were reproduced on CTI's website prior to 2019, when it was operated by the California LLC. At best, Plaintiff alleges, "However, upon current information and belief, it appears that Defendants began exploiting some or all of the Subject Photographs in California and before Defendants represent they purportedly relocated CTI's principal place of business to Las Vegas, Nevada. For example, the metadata for the unauthorized copy of Subject Photograph AU2317995 indicates that CTI uploaded that copy to its Website in June 2016. That copy is still displayed on Defendants' Website as of at least July 2025." [Dkt. 23, at ¶ 27].

Similarly, Plaintiff – which is a New York limited liability company headquartered in New York – does not allege that it has any connection to the State of California. The only allegation of a connection between the copyrighted photos or their authors and the State of California is the vague allegation that "Numerous of the photographers who created the Subject Photographs (defined below) reside, work, and/or are based in this judicial district." [Dkt. 23, at ¶ 5]. Other than Plaintiff's conclusory allegations in the FAC and Plaintiff's attempt to conflate the three separate defendants into a single entity, there are no facts connecting the Nevada LLC generally or Mr. Richardson or their allegedly infringing actions specifically to California.

## III.    THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

### a.  Legal Standard for Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) allows a district court to dismiss an action for lack of personal jurisdiction. When a defendant moves to dismiss a complaint for lack of personal jurisdiction, "[t]he plaintiff bears the burden of demonstrating that personal

-11-

1  jurisdiction is proper." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz*
2  *Choloma, S.A.*, 972 F.3d 1101, 1106 (9th Cir. 2020) (internal citations omitted); *Rio*
3  *Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) ("Although the
4  defendant is the moving party on a motion to dismiss, the plaintiff bears the burden of
5  establishing that jurisdiction exists."). "The court may consider evidence presented in
6  affidavits to assist in its determination and may order discovery on the jurisdictional
7  issues." *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2011).

8      When evaluating personal jurisdiction, courts "take as true all uncontroverted
9  allegations in the complaint and resolve all genuine disputes in plaintiff's favor." *LNS*
10 *Enters. LLC v. Continental Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022). However,
11 Courts "cannot 'assume the truth of allegations in a pleading [if] contradicted by an
12 affidavit,'" *Id.*

13     "Federal courts ordinarily follow state law in determining the bounds of their
14 jurisdiction over persons." *Daimler AG v. Bauman,* 571 U.S. 117, 125 (2014)*.* Under the
15 relevant state law, namely California's long-arm statute, California state courts may
16 exercise personal jurisdiction "on any basis not inconsistent with the Constitution of this
17 state or of the United States." *Id.*; Cal. Civ. Proc. Code Ann. § 410.10. Thus, "the
18 jurisdictional analyses under state law and federal due process are the same."
19 *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-801 (9th Cir. 2004).

20     Under the Due Process Clause of the Fourteenth Amendment, to exercise personal
21 jurisdiction over an out-of-state defendant, the defendant must have "certain minimum
22 contacts with [the State] such that the maintenance of the suit does not offend traditional
23 notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v.*
24 *Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310,
25 316 (1945) (internal quotations omitted)). This minimum-contacts jurisdiction may be
26 either "general or all-purpose jurisdiction," or "specific or case-linked jurisdiction." *Id.* at
27 919 (citing *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984)).
28 "The strength of contacts required depends on which of the two categories of personal

-12-

1    jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza v. Nike,*
2    *Inc.,* 793 F.3d 1059, 1068 (9th Cir. 2015).

3        **b.  This Court Lacks General Jurisdiction over CTI.**

4        A defendant is subject to general personal jurisdiction in any state where a
5    defendant is so "at home" in the forum that a court may adjudicate any claims against the
6    defendant arising from anywhere in the world. *See Goodyear,* 564 U.S. at 919 (2011).
7    Given the breadth of general personal jurisdiction, however, a plaintiff asserting that a
8    court has general jurisdiction over a defendant must meet an "exacting standard for the
9    minimum contacts required." *Ranza,* 793 F.3d at 1069.

10        Typically, the states where a corporation or other business entity (as opposed to an
11    individual defendant) is subject to general jurisdiction are its place of incorporation and
12    its principal place of business. *Id.* Only in an 'exceptional case' will general jurisdiction
13    be available anywhere else. *Id.* (quoting *Martinez v. Aero Caribbean,* 764 F.3d 1062, 1070
14    (9th Cir. 2014)). For an out-of-state business to be subject to general jurisdiction in a
15    particular state requires such "constant and pervasive" contacts with the forum state that
16    are so "continuous and systematic as to render the foreign corporation essentially at home
17    in the forum State, i.e., comparable to a domestic enterprise in that State." *Id.* (quoting
18    *Daimler,* 571 U.S. at 133 n.11).

19        It is undisputed that CTI is a limited liability company organized under the laws of
20    Nevada and having its principal place of business in Las Vegas, Nevada. Other than the
21    fact that Mr. Richardson previously operated a separate California LLC with the same
22    name prior to moving to Nevada, there is absolutely no evidence that CTI, the Nevada
23    LLC, has any contacts with California, let alone "constant and pervasive" contacts so
24    continuous and systematic to render CTI comparable to a California enterprise.
25    Accordingly, CTI is not subject to the general jurisdiction of this Court.

26        **c.  This Court Lacks General Jurisdiction over Mr. Richardson**

27        California courts have general personal jurisdiction over individuals domiciled in
28    California **when suit is commenced** because a current domiciliary has an established

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

1  relationship with the state. *Milliken v. Meyer*, 311 U.S. 457, 462-464 (1940); *Allen v.*
2  *Superior Court* 41 Cal.2d 306, 312-313 (Cal. 1953) (emphasis added). The same is not
3  true, however, of a former domiciliary. *Sullivan v. Knobeloch*, A126696, No. CGC-09-
4  486308, at *15 (Cal. App. Jul 08, 2010) (unpublished). Instead, a former resident's
5  contacts with the state must be evaluated to determine whether the quality and nature of
6  defendant's activity make it reasonable and fair to require him or her to conduct a defense
7  here. *See Pavlovich v. Superior Court*, 29 Cal.4th 262, 268 (Cal. 2002). Mr. Richardson
8  has not lived in California for over six years and has had no substantial activity in the state
9  during that time. Accordingly, he is not subject to general personal jurisdiction.

### d.  This Court Lacks Specific Jurisdiction over CTI

#### i.  The Three-Prong Test for Specific Jurisdiction.

12      The Ninth Circuit applies a three-prong test to determine whether a district court
13  can exercise specific personal jurisdiction over a nonresident defendant: "(1) the defendant
14  must either 'purposefully direct his activities' toward the forum or 'purposefully avail
15  himself of the privileges of conducting activities in the forum'; (2) 'the claim must be one
16  which arises out of or relates to the defendant's forum-related activities'; and (3) 'the
17  exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be
18  reasonable.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir.
19  2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

20      "The plaintiff bears the burden of satisfying the first two prongs of the test."
21  *Schwarzenegger*, 374 F.3d at 802. If the plaintiff fails to satisfy either of these prongs,
22  then it cannot establish specific personal jurisdiction in the forum state. *Id.*  Only when
23  the plaintiff meets its burden on the first two prongs does the burden shift to the defendant
24  to "present a compelling case that the exercise of jurisdiction would not be reasonable."
25  *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

26  / / /
27  / / /
28  / / /

-14-

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

### ii.  CTI Did Not Purposefully Direct its Activities toward California.

#### 1. The "purposeful direction" test applies in this case.

The first prong of the specific jurisdiction test – whether the defendant "purposefully direct[ed]" its activities toward the forum or "purposefully avail[ed] himself" of the privileges of conducting activities in the forum is actually two separate and distinct concepts, and the test that applies depends on the nature of the lawsuit. *Schwarzenegger*, 374 F.3d at 802. When – as here – the cause of action is copyright infringement, "purposeful direction" is the proper test to apply for the first prong. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (finding that copyright infringement is a tort-like cause of action for which purposeful direction "is the proper analytical framework.").

#### 2. Elements of the "purposeful direction" test.

The purposeful direction test, "often referred to as the 'effects' test, derives from *Calder v. Jones*, 465 U.S. 783 (1984)." *Axiom Foods, Inc.*, 874 F.3d at 1069 (citation omitted).  The "effects" test "focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Mavrix Photo*, 647 F.3d at 1228. The "effects test" analysis depends on the defendant's contacts with the forum state – not the plaintiff's or other parties' forum connections. *Davis v. Cranfield Aerospace, Ltd.*, 71 F.4th 1154, 1163 (9th Cir. 2023) Under the effects test, … a defendant purposefully directs its activities toward the forum when the defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 980 (9th Cir. 2021).

#### 3. Defendants admit that Plaintiff has alleged that it committed an "intentional act."

"'Intentional act' has a specialized meaning in the context of the *Calder* effects test." *Schwarzenegger*, 374 F.3d at 806 (citing *Dole Food Co.*, 303 F.3d at 1111).  "[I]ntent in the context of the 'intentional act' test [is] an intent to perform an actual, physical act

-15-

1   in the real world, rather than an intent to accomplish a result or consequence of that act."

2   *Id.*; *see also Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) ("An

3   intentional act is one denoting an external manifestation of the actor's will ... not including

4   any of its results, even the most direct, immediate, and intended."). Plaintiff has alleged

5   that Defendants have infringed its copyrights by reproducing certain photos on its website.

6   Defendants concede that Plaintiff has sufficiently alleged – solely for purpose of the

7   analysis of personal jurisdiction under *Calder* – that such alleged reproduction constitutes

8   an "intentional act" under the "relatively low" threshold of "what constitutes an intentional

9   act." *AirWair Int'l Ltd. v. Schultz*, 73 F. Supp. 3d 1225, 1233 (N.D. Cal. 2014).

### 4. CTI did not "expressly aim" its allegedly infringing activities toward California.

12   "The second prong of [the] test, 'express aiming,' asks whether the defendant's

13   allegedly tortious action was 'expressly aimed at the forum.'" *Picot v. Weston*, 780 F.3d

14   1206, 1214 (9th Cir. 2015). In applying this test, courts must "look to the defendant's

15   contacts with the forum state itself, not the defendant's contacts with persons who reside

16   there." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).

17   Merely maintaining a passive website alone cannot satisfy the express aiming

18   prong. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir.

19   2007) ("We consistently have held that a mere web presence is insufficient to establish

20   personal jurisdiction."). Admittedly, a web presence coupled with "something more" may

21   be sufficient to satisfy the "expressly aiming" prong of the test. *Panavision Intern., L.P.*

22   *v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). For example, the "express aiming" prong

23   may be satisfied if the defendant specifically targeted consumers in the forum state by

24   "running radio and print advertisements" in the forum state. *Rio Properties,* 284 F.3d at

25   1020.

26   There is no such "express aiming" here. CTI, which provides services to clients

27   worldwide, maintains a website – accessible worldwide – that provides clients and

28   potential clients the means to search through potential performers based on such criteria

-16-

as price range, categories (athletes, actors, motivational speakers, etc.), and topics. CTI –
which has never been located in California – does not "expressly aim" its efforts at
California, either by specifically running advertisements directed toward California or by
focusing users of its website to California-specific performers or venues. It follows that
Plaintiff cannot satisfy the "expressly aiming" prong of the purposeful direction test.

### 5. CTI did not cause harm that it knew was likely to be suffered in the forum.

Even if this Court determines that CTI expressly aimed its activities toward
California, Plaintiff cannot show any harm suffered in California. For an act to cause
foreseeable harm in the forum state, a plaintiff must show (1) a defendant's intentional
and harmful conduct caused a jurisdictionally significant harm suffered within the forum,
(2) that foreseeably caused harm or effects in that forum due to the defendant's knowledge
of the plaintiff's residence or principal place of business within the forum, or knowledge
otherwise suggesting the plaintiff had reason to suffer harm in that forum. *See Mavrix*,
647 F.3d at 1231.

In the copyright context, it is foreseeable that harm is likely to be inflicted both in
the forum where the infringement took place and where the copyright holder has its
principal place of business. *Wash. Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668,
679 (9th Cir. 2012). *see also McGraw–Hill Cos. v. Ingenium Techs. Corp.*, 375 F.Supp.2d
252, 256 (S.D.N.Y.2005) ("It is reasonably foreseeable that the provision of materials that
infringe the copyrights and trademarks of a New York company will have consequences
in New York....")

But neither situation is present here. It is undisputed that Plaintiff is a New York
limited liability company with its principal place of business in New York. Similarly, any
alleged copyright infringement as a result of CTI's reproduction of photos on its website
took place where CTI operates and maintains its website, specifically Las Vegas, Nevada.
There is simply no harm to Plaintiff in California, let alone any harm in California that
was foreseeable to CTI.

-17-

### iii. The Copyright Infringement Claim Alleged by Plaintiff Did Not Arise Out of CTI's Forum-related Activities.

Even if this Court finds that CTI purposefully directed its activities toward California, by maintaining a website accessible to California consumers or providing services to clients in California, Plaintiff cannot show that the copyright infringement claim alleged in the Complaint arises out of or relates to CTI's forum-related activities.

Under the second prong of the Ninth Circuit's specific jurisdiction test, a court cannot establish personal jurisdiction over a defendant unless a plaintiff can show that its claims "arise out of the defendant's forum related activities." *See Panavision* 141 F.3d at 1322. This prong is satisfied if the plaintiff would not have been injured "but-for" the defendant's conduct in California. *Rio Properties*, 284 F.3d at 1021; *Shawarma Stackz LLC v. Jwad*, No. 21-cv-01263-BAS-BGS, 2021 U.S. Dist. LEXIS 235397, at *24-25 (S.D. Cal. Dec. 8, 2021) ("Courts in this circuit employ a 'but for' test to weigh the second prong of the specific jurisdiction analysis and ask: but for the defendant's contacts with the forum state, would the plaintiff's claims have arisen?").

As noted above, CTI has no specific California-related activities at all, and any alleged harm to Plaintiff – a New York LLC – from the alleged copyright infringement as a result of a website maintained in Nevada occurs regardless of any of CTI's contact with the state of California. All of the alleged actions by CTI associated with Plaintiff's copyright infringement claims took place in Nevada, not California. There is simply no basis for this Court to conclude that CTI engaged in any California-specific activities related to alleged copyright infringement, let alone any activities that would not have caused harm to Plaintiff absent any connection to California. Accordingly, Plaintiff cannot satisfy the second prong of the test for specific jurisdiction.

### iv. Mr. Richardson Cannot be Subject to Jurisdiction in California for Alleged Infringement that Commenced After 2019.

Plaintiff never alleges in the FAC that Mr. Richardson himself personally engaged in any activity – infringing or otherwise – separate from his role as the principal of CTI.

-18-

Thus, the only possible basis on which Mr. Richardson himself might be liable for copyright infringement is as a corporate officer who was a "moving, active conscious force behind the corporation's infringement." *Carson v. VeriSmart Software*, Case No. C 11-03766, at *8 (N.D. Cal. Mar 27, 2012). Under this framework, however, all of the reasons that CTI is not subject to specific jurisdiction in California – no purposeful direction and no connection with the copyright infringement claim – apply equally to Mr. Richardson individually, at least with respect to any infringement that commenced after Mr. Richardson moved to Nevada and established the Nevada LLC.

The only plausible basis for subjecting Mr. Richardson to specific jurisdiction in California is for alleged infringement that commenced before 2019, when the California LLC was still active. Plaintiff offers only the conclusory allegation that "it appears that Defendants began exploiting some or all of the Subject Photographs in California" based on a the metadata for a single one of the photographs, which is insufficient to meet Plaintiff's "burden of demonstrating that jurisdiction is appropriate." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990). If there was no infringement prior to Mr. Richardson moving to Nevada and establishing the Nevada LLC, then there is absolutely no basis for specific jurisdiction over Mr. Richardson in California.

### v.  Exercise of Jurisdiction Would Be Unreasonable.

Since Plaintiff has not – and cannot – satisfy either of the first two prongs of the test for specific jurisdiction, the burden does not shift to CTI and Mr. Richardson to demonstrate why California would be an unreasonable jurisdiction. Regardless, subjecting CTI and Mr. Richardson to personal jurisdiction in this Court would be unreasonable.

In assessing the overall reasonableness and fairness of exercising personal jurisdiction, the court considers, among other things: (i) the extent of the defendant's purposeful injection into the forum; (ii) the burden on defendant to litigate the matter in the forum; (iii) the extent of conflict with the sovereignty of the defendant's state; (iv) the forum state's interest in adjudicating the dispute; (v) the most efficient judicial resolution of the controversy; (vi) the importance of the forum to the plaintiff's interest in convenient

-19-

1  and effective relief; and (vii) the existence of an alternative forum. *See Ziegler v. Indian*

2  *River Cty.*, 64 F.3d 470, 474-75 (9th Cir. 1995). All of the factors either favor the

3  Defendants or are neutral.

4          First, as discussed above, CTI and Mr. Richardson did not direct their activities

5  towards California to a degree sufficient to satisfy the purposeful direction requirement.

6  Second, Mr. Richardson is not a current resident of California – and hasn't been since

7  2019 – and neither CTI nor Plaintiff are California entities or have a place of business in

8  California. Litigating this matter in California would be a significant burden on CTI and

9  Mr. Richardson because they are both located in Nevada. Moreover, it can be assumed

10  that the burden on Plaintiff would be the same whether this action remains in California

11  or is litigated in CTI's home state of Nevada.

12          Third, there is no conflict with the sovereignty of California. The federal analysis

13  for the copyright claims would be the same in either California or Nevada. The exercise

14  of jurisdiction by a federal court in Nevada does not implicate sovereignty concerns of

15  California. This factor does not favor either of the parties and is neutral. Nor does

16  California possess any strong interest in providing an effective means of redress for a New

17  York-based plaintiff.

18          In addition, keeping this action in California would not promote a more efficient

19  resolution of this matter given that neither Plaintiff nor CTI and Mr. Richardson are

20  located in California. Nor would it effect the convenience and effectiveness of relief for

21  Plaintiff.

22          Finally, there is a clearly available alternate forum. CTI is a Nevada LLC with its

23  principal place of business in Las Vegas, Nevada. Mr. Richardson is an individual resident

24  of Nevada. It is undisputed that they would both be subject to personal jurisdiction in

25  Nevada. Plaintiff bears the burden of proving the unavailability of an alternative forum.

26  *Ziegler* 64 F.3d at 476. Here, it cannot demonstrate why its claims cannot be litigated in

27  Nevada

28  / / /

-20-

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

### e. Conclusion on Personal Jurisdiction.

In conclusion, CTI and Mr. Richardson are not subject to the general personal jurisdiction of this Court. CTI is not organized under the laws of California, does not have a principal place of business in California, and does not have "constant and pervasive" contacts with California so continuous and systematic to render it "at home" in California. Mr. Richardson has been a resident of Nevada since 2019.

Nor are CTI and Mr. Richardson subject to specific jurisdiction in this Court. They did not purposefully direct any of their activities toward California, and even if they did, those activities were not related to its allegedly infringing activity of reproducing copyrighted photos on its website, which is maintained in Nevada and accessible worldwide. Additionally, subjecting CTI and Mr. Richardson to the jurisdiction of this Court would be unreasonable.

Accordingly, CTI and Mr. Richardson respectfully requests that this Court dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## IV.    VENUE IS IMPROPER IN THIS COURT.

Under Fed. R. Civ. P. 12(b)(3), a defendant may move to dismiss a complaint for improper venue. Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

In copyright infringement actions, venue is proper "in the district in which the defendant or his agent resides or may be found." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting 28 U.S.C. § 1400(a)). The Ninth Circuit interprets this statutory provision to allow venue "in any judicial district in which

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

the defendant would be amendable to personal jurisdiction if the district were a separate state." *Id.* Thus, if a court lacks personal jurisdiction over a defendant, then venue is also improper. *See Adobe Sys. Inc. v. Glue Source Grp., Inc*., 125 F. Supp. 3d 945, 959 (N.D. Cal. 2015) ("The court uses basically the same procedure to decide a motion to dismiss for improper venue as it does for deciding a motion to dismiss for lack of personal jurisdiction.").

As discussed in Section III above, CTI and Mr. Richardson are not subject to personal jurisdiction – general or specific – in this Court. Accordingly, venue in this Court is improper under the venue provisions of the Copyright Act, and the Court should dismiss this case for improper venue.

## V.    IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS CASE TO THE DISTRICT OF NEVADA.

### a. Legal Standard.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" The analysis of whether an action should be transferred under Section 1404(a) largely overlaps with those considered in a forum non conveniens analysis. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (explaining that that "forum non conveniens considerations are helpful in deciding a § 1404 transfer motion.")

Transfer is appropriate when the moving party shows: (1) venue is proper in the transferor district court; (2) the transferee district court has personal jurisdiction over the defendants and subject matter jurisdiction over the claims; and (3) transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Courts have "broad discretion to transfer a case to another district where venue is also proper." *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F.Supp.2d 1093, 1108 (C.D. Cal. 2007).

**b. If the Court Determines That Venue is Proper in This Court, then the First Prong is Satisfied.**

As discussed in Section III, above, CTI and Mr. Richardson argue that this Court lacks personal jurisdiction over them and therefore venue is also improper under the venue provisions of the Copyright Act, and Plaintiff's Complaint should be dismissed or transferred on that basis. If, however, the Court finds that it does have personal jurisdiction over CTI and/or Mr. Richardson, then the first prong of the *Goodyear Tire* test for transfer of venue is satisfied.

**c. The District of Nevada has Personal Jurisdiction Over the Defendants and Subject Matter Jurisdiction Over the Claim.**

The second prong for transfer under Section 1404 is that the proposed transferee court have personal jurisdiction over the defendants and subject matter jurisdiction over the claims. Defendants request that if this Court determines that they are subject to the personal jurisdiction of this Court, that the case nonetheless be transferred to the United States District Court for the District of Nevada.

CTI is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada. Mr. Richardson is an individual resident of Nevada. Accordingly, there is no dispute that the proposed transferee court has general personal jurisdiction over both of them.

Similarly, the sole cause of action in Plaintiff's Complaint is for copyright infringement. Federal district courts have original and exclusive jurisdiction over copyright infringement cases pursuant to 28 U.S.C. § 1338(a), so there is no dispute that the District of Nevada has subject matter jurisdiction of the claims. The second prong is satisfied.

**d. Transfer Will Serve the Convenience of the Parties and Witnesses, and Will Promote the Interests of Justice.**

With respect to the third element of the transfer analysis, courts must balance the convenience of parties and witnesses, and the interests of justice. 28 U.S.C. § 1404(a);

-23-

1    *Young Props. Corp. v. United Equity Corp.*, 534 F.2d 847, 852 (9th Cir. 1976). The Ninth

2    Circuit has adopted a ten-factor test ("the *Jones* factors") for performing this balancing in

3    *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The factors are as

4    follows: (1) the location where the relevant agreements were negotiated and executed, (2)

5    the state that is most familiar with the governing law, (3) the plaintiff's choice of forum,

6    (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiffs

7    cause of action in the chosen forum, (6) the differences in the costs of litigation in the two

8    forums, (7) the availability of compulsory process to compel attendance of unwilling non-

9    party witnesses, and (8) the ease of access to sources of proof, (9) the presence of a forum

10    selection clause, and (10) the relevant public policy of the forum state. *Id.*

11        This case does not belong in California and therefore should be transferred to

12    Nevada because California is an inconvenient forum for the parties, the court, and the

13    witnesses alike. In this case, the first (where the agreements were negotiated) and ninth

14    (forum selection clause) *Jones* factors are irrelevant. Of the remaining factors, all of them

15    except the plaintiff choice of forum either favor transfer or are neutral.

16        First, all Parties' contacts with the forum and available witnesses favor venue in

17    Nevada. Plaintiff is a New York limited liability company with its principal place of

18    business in New York. CTI is a Nevada limited liability company with its principal place

19    of business in Las Vegas, Nevada. Mr. Richardson is an individual resident of Nevada.

20    None of the parties has any contacts with California, so the fourth *Jones* factor favors

21    transfer.

22        Any connection between Plaintiff's cause of action and the State of California are

23    tenuous at best. The sole cause of action is copyright infringement based on allegations

24    that CTI reproduced copyrighted photos on its website – maintained by CTI in Nevada –

25    without permission. The only plausible connection is Plaintiff's conclusory allegation that

26    "it appears that Defendants began exploiting some or all of the Subject Photographs in

27    California" based on a the metadata for a single one of the photographs. Accordingly, the

28    fifth *Jones* factor favors transfer.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

Similarly, the sixth (cost of litigation), seventh (compulsory process) and eighth (sources of proof) factors favor transfer. CTI has its principal place of business in Nevada and all of its relevant documents and witnesses are also located in Nevada. The principals of CTI – including Mr. Richardson – reside in Nevada and would be significantly inconvenienced if required to travel to California.

Conversely, Plaintiff is a New York company with its principal place of business in New York. Transferring this action from California to Nevada would make little difference to Plaintiff since its representative would have to travel across country in either case. Therefore, the costs of litigation would be reduced if this action were transferred there since Plaintiff would have to travel in either case, but none of CTI's principals or witnesses would have to.

Second, Plaintiff's forum choice should not be controlling because it has no presence in California. The third Jones factor is plaintiff's choice of forum. Plaintiff in this case is a New York-based company without a California physical presence. So, its choice of forum should not be controlling in this case. *See Siddiqi v. Gerber Prods. Co.*, No. CV 12-1188 PA, 2012 U.S. Dist. LEXIS 190628, at *4 (C.D. Cal. Mar. 26, 2012).

Finally, both this Court and the Nevada Court are equally familiar with the governing law and there is no public policy of California that would be negatively impacted by transfer. The second *Jones* factor concerns which state is most familiar with the governing law. Plaintiff's sole claim is copyright infringement, which is purely governed by federal law. Both California and Nevada are within the Ninth Circuit, which means that there is effectively no difference in the two forums with respect to familiarity with the governing law.

Public policy factors include a state's "interest in having localized controversies decided at home." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 68 n.6 (2013), as well as its interest "in providing a forum for their injured residents." *Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*, Case No. C18-0108JLR, at *6 (W.D. Wash. May 24, 2018). But, as discussed above, this is not a

-25-

"localized controversy" with respect to California and Plaintiff is a resident of New York, not California, so California has no interest in providing a forum for an injured resident in this case. The public policy factor is neutral, at best.

### e.  Summary of Transfer of Venue.

Even if CTI and Mr. Richardson are subject to the personal jurisdiction of this Court and venue is proper, this case should be transferred in the interests of justice and convenience to the parties and judicial economy. It could – and should – have been brought in Nevada, where Mr. Richardson, CTI, and all of its witnesses and evidence are located. Plaintiff is a New York company located in New York and the sole claim in this action is copyright infringement, which means that California has particular public policy interest in this case or special familiarity with the governing law. And Plaintiff's choice of forum should be given little weight since it is not a resident of the forum state. That this action was brought in this Court appears to be little more than a blatant example of forum shopping. This case belongs in Nevada.

## VI.    CONCLUSION

For the reasons set forth herein, there is neither general jurisdiction nor specific jurisdiction over CTI or Mr. Richardson in California, and Defendants respectfully request that this Court dismiss this case for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Alternatively, if the Court finds that CTI or Mr. Richardson is subject to the personal jurisdiction of this Court and venue is proper, CTI respectfully requests that this case be transferred to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a).

DATED: September 16, 2025

By:    */s/ Ryan Gile*
Ryan Gile, Esq. (State Bar No. 192802)
rg@gilelawgroup.com
**Gile Law Group Ltd.**
1140 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Telephone: (702) 703-7288
*Attorneys for Celebrity Talent International, LLC (Nevada) and Glenn Richardson*

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2**

The undersigned, counsel of record for Defendant, certifies that this brief contains 6943 words (excluding the caption, the table of contents, the table of authorities, the signature block, the certification required by L.R. 11-6.2, and any indices and exhibits), which complies with the word limit of L.R. 11-6.1.

*/s/ Ryan Gile*
Employee, Gile Law Group Ltd.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF to all participants in the case who are registered CM/ECF users.

/s/ Ryan Gile
Employee, Gile Law Group Ltd.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE