1  Ryan Gile, Esq.
2  California Bar No. 192802
   *rg@gilelawgroup.com*
3  **Gile Law Group Ltd**.
   1140 N. Town Center Drive, Suite 100
4  Las Vegas, NV 89144
   Tel. (702) 703-7288
5
6  *Attorneys for Defendants*
   *Celebrity Talent International, LLC (Nevada) and Glenn Richardson*
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10 | AUGUST IMAGE, LLC, a New York | **Case No.:  2:25-cv-03652 MCS (PVCx)** |
   | Limited Liability Company, | |
11 | | **DEFENDANTS CELEBRITY** |
   | Plaintiff, | **TALENT INTERNATIONAL, LLC'S** |
12 | | **(NEVADA) AND GLENN** |
   | v. | **RICHARDSON'S MEMORANDUM** |
13 | | **OF POINTS AND AUTHORITIES IN** |
   | CELEBRITY TALENT | **SUPPORT OF MOTION TO DISMISS** |
14 | INTERNATIONAL, LLC, a California | **PLAINTIFF'S SECOND AMENDED** |
   | Limited Liability Company; | **COMPLAINT FOR LACK OF** |
15 | CELEBRITY TALENT | **PERSONAL JURISDICTION AND** |
   | INTERNATIONAL, LLC, a Nevada | **IMPROPER VENUE, OR,** |
16 | Limited Liability Company; GLENN | **ALTERNATIVELY TO TRANSFER** |
   | RICHARDSON, an individual; and | **VENUE** |
17 | DOES 1-10, | |
   | | Judge: Mark C. Scarsi |
18 | Defendants. | Hearing Date: February 2, 2026 |
19 | | |
   | | NO ORAL ARGUMENT UNLESS |
20 | | REQUESTED BY THE COURT |

21
22
23
24
25
26
27
28

-1-

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

## TABLE OF CONTENTS

I.    INTRODUCTION ......................................................................................... 6

II.   RELEVANT FACTUAL BACKGROUND ..................................................... 7

III.   THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS ... 11

A.  Legal Standard for Personal Jurisdiction ................................................ 11

B.  This Court Lacks General Jurisdiction over both CTI and Mr. Richardson. .......... 12

C.  This Court Lacks Specific Jurisdiction over Any of the Defendants ..................... 13

   1.  The Three-Prong Test for Specific Jurisdiction. ..................................... 13

   2.  This Court Does Not Have Personal Jurisdiction over Mr. Richardson. .............. 14

   3.  This Court Lacks Specific Jurisdiction over CTI ..................................... 15

   4.  The Copyright Infringement Claim Alleged by Plaintiff Did Not Arise Out of CTI's Forum-related Activities. .................................................. 20

   5.  Exercise of Jurisdiction Would Be Unreasonable. ................................... 20

D.  Conclusion on Personal Jurisdiction. ..................................................... 21

IV.   IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS CASE TO THE DISTRICT OF NEVADA ................................................................ 22

A.  Legal Standard. ................................................................................ 22

B.  The District of Nevada has Personal Jurisdiction Over the Defendants and Subject Matter Jurisdiction Over the Claim. .......................................... 22

C.  Summary of Transfer of Venue. ........................................................... 25

V.   CONCLUSION ............................................................................................ 26

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

# TABLE OF AUTHORITIES

## Cases

*AirWair Int'l Ltd. v. Schultz*, 73 F. Supp. 3d 1225 (N.D. Cal. 2014) ................................ 16

*Allen v. Superior Court* 41 Cal.2d 306 (Cal. 1953) ....................................................... 13

*Amini Innovation Corp. v. JS Imps., Inc.*, 497 F.Supp.2d 1093 (C.D. Cal. 2007) ........... 22

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49 (2013) ....................................................................................................................... 24

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017) ................ 13, 15

*Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972 (9th Cir. 2021) ...................................... 15

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ................................................... 14

*Calder v. Jones*, 465 U.S. 783 (1984) ............................................................................. 15

*Creditors Adjustment Bureau, Inc. v. Big Valley Cold Storage, LLC*, F072481 (Cal. App. Mar 22, 2017). ......................................................................................................... 6

*Daimler AG v. Bauman,* 571 U.S. 117 (2014) ........................................................... 11, 12

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986) .............. 22

*Doe v. Unocal Corp.,* 248 F.3d 915 (9th Cir. 2011) ....................................................... 11

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002) ........................................ 13

*Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101 (9th Cir. 2020) ................................................................................................ 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ..................... 12

*Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503 (C.D. Cal. 1992) ...................................................................................................................... 22

*Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408 (1984) ..................... 12

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450 (9th Cir. 2007) ............... 16

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ...................................................... 12

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) ..................................... 23

*LNS Enters. LLC v. Continental Motors, Inc.*, 22 F.4th 852 (9th Cir. 2022) .................. 11

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011) ................ 15, 19

*McGraw–Hill Cos. v. Ingenium Techs. Corp.*, 375 F.Supp.2d 252 (S.D.N.Y.2005) ........ 19

*Milliken v. Meyer*, 311 U.S. 457 (1940) ................................................................. 13

*Nottingham-Spirk Design Assocs., Inc. v. Halo Innovations, Inc.*, 603 F.Supp.3d 561
   (N.D. Ohio 2022) ................................................................................................ 18

*Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*, Case No. C18-0108JLR
   (W.D. Wash. May 24, 2018) ................................................................................ 25

*Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) ....................... 16, 20

*Pavlovich v. Superior Court*, 29 Cal.4th 262 (Cal. 2002) ......................................... 13

*Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015) ...................................................... 16

*Quigley v. Guvera IP Pty Ltd.*, 2010 WL 5300867 (N.D. Cal. Dec. 20, 2010) ............... 16

*Ranza v. Nike, Inc.*, 793 F.3d 1059 (9th Cir. 2015) ................................................. 12

*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) ...................... 11, 20

*Rush v. Savchuk*, 444 U.S. 320 (1980) ................................................................... 14

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) .... 11, 13, 14, 15

*Shawarma Stackz LLC v. Jwad*, No. 21-cv-01263-BAS-BGS, 2021 U.S. Dist. LEXIS
   235397 (S.D. Cal. Dec. 8, 2021) ......................................................................... 20

*Siddiqi v. Gerber Prods. Co.*, No. CV 12-1188 PA, 2012 U.S. Dist. LEXIS 190628 (C.D.
   Cal. Mar. 26, 2012) ............................................................................................ 24

*Sullivan v. Knobeloch*, A126696, No. CGC-09-486308 (Cal. App. Jul 08, 2010) ........... 13

*Walden v. Fiore*, 571 U.S. 277 (2014) .................................................................... 16

*Wash. Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668 (9th Cir. 2012) ................. 19

*Young Props. Corp. v. United Equity Corp.*, 534 F.2d 847 (9th Cir. 1976) .................. 23

*Ziegler v. Indian River Cty.*, 64 F.3d 470 (9th Cir. 1995) ......................................... 21

**Statutes**

28 U.S.C. § 1338(a) ............................................................................................... 23

28 U.S.C. § 1404(a) ...................................................................................... 22, 23, 26

Cal. Civ. Proc. Code Ann. § 410.10 ......................................................................... 11

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

**Rules**

Fed. R. Civ. P. 12(b)(2) ................................................................................ 11, 26

Fed. R. Civ. P. 12(b)(3) ..................................................................................... 26

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

Defendants Celebrity Talent International, LLC (a Nevada limited liability company) ("CTI"), and Glenn Richardson ("Mr. Richardson") (collectively, "Defendants")[1] specially appear and respectfully submit the following Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss the Second Amended Complaint filed by Plaintiff August Image, LLC ("August" or "Plaintiff") for Lack of Personal Jurisdiction, Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, or in the alternative, to transfer venue to the District of Nevada pursuant to 28 U.S.C. § 1404(a).

## I.    INTRODUCTION

Defendants – a Nevada limited liability company and an individual resident of Nevada who has not lived in California since 2019 – again make this special appearance and object to this Court's personal jurisdiction over them and to venue in this Court. Neither CTI nor Mr. Richardson have any current substantial connection to California. CTI is not registered to do business in California and has no offices or facilities here. The sole cause of action alleged in Plaintiff's Complaint is copyright infringement by CTI based on allegedly infringing photographs on CTI's website, which is operated and maintained by CTI in Nevada. The lack of contacts and acts purposefully directed at California that relate to Plaintiff's alleged claim mandates dismissal. The exercise of personal jurisdiction over Defendant would also be constitutionally unreasonable. Thus, this Court should dismiss the Second Amended Complaint just as it dismissed Plaintiff's First Amended Complaint. (ECF No. 32).

Alternatively, if the Court finds that it has personal jurisdiction over Defendants and that venue is proper, it should transfer the case to the Federal District Court for the District of Nevada because that court clearly has personal jurisdiction over both CTI and

---

[1] The third named defendant, Celebrity Talent International, LLC (the California Limited Liability Company) has been inactive since 2019 and is currently suspended by the California Franchise Tax Board and the California Secretary of State (*See* Declaration of Glenn Richardson, at ¶ 10). A California entity that is suspended cannot bring a civil action or defend itself against one or appeal a judgment. *See Creditors Adjustment Bureau, Inc. v. Big Valley Cold Storage, LLC*, F072481 (Cal. App. Mar 22, 2017)

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

Mr. Richardson and subject matter jurisdiction over Plaintiff's copyright infringement claim, and because transfer would serve the interests of justice and judicial economy.

## II.    RELEVANT FACTUAL BACKGROUND

On April 24, 2025, Plaintiff filed its original Complaint for copyright infringement against just CTI. (ECF No. 1). On August 26, 2025 Plaintiff filed a First Amended Complaint ("FAC") adding Mr. Richardson, a Nevada resident and the owner of CTI, as well as an inactive California limited liability company previously operated by Mr. Richardson as additional defendants. (ECF No. 23). The FAC, like the original Complaint, alleged that Defendants have infringed upon Plaintiff's copyrights in eleven photographs by reproducing those photographs on CTI's website without permission. (ECF No.23 at ¶¶ 24, 27-28).

Defendants CTI and Richardson filed a Motion to Dismiss Plaintiff's FAC for lack of personal jurisdiction over both Defendants because none of the moving parties have any substantial connection to California. (ECF No. 28). The Court granted Defendants' Motion on November 20, 2025, but granted Plaintiff leave to file an amended complaint. (ECF No. 32). Plaintiff filed a Second Amended Complaint ("SAC") (ECF No. 33) on December 4, 2025 that added a handful of conclusory allegations, but no new substantive allegations, in yet another attempt to establish this Court's personal jurisdiction over both CTI and Richardson.

CTI is a talent booking broker and celebrity event consultant located in Las Vegas, Nevada. (Richardson Dec. at ¶ 2). CTI assists companies and individuals throughout the United States and the world in finding a suitable performer for their event, negotiating a contract with the performer, and ensuring that everything runs smoothly. (Richardson Dec. at ¶ 3). Parties looking for a performer can search via CTI's website for potential performers based on such criteria as price range, categories (athletes, actors, motivational speakers, etc.), and topics. (Richardson Dec. at ¶ 4).

CTI relies on its substantial experience in the talent booking industry and its extensive history working with a large number of talent representatives to provide the best

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

experience and lowest talent fees for its clients, but does not directly represent performers and does not itself enter into contracts with performers; rather it simply assists clients in negotiating contracts between the client and the performer. (Richardson Dec. at ¶ 5). Occasionally, CTI's employees attend events at the request of the client to make sure everything operates smoothly. (Richardson Dec. at ¶ 6). Many of CTI's clients are organizations that hold conferences or other events throughout the United States, and CTI employees have occasionally attended events that happened to occur in California upon client request. (Richardson Dec. at ¶ 7).

In its SAC, Plaintiff correctly alleges that CTI is a Nevada limited liability company and that it owns, operates, and/or controls the website at celebritytalent.net, the website at issue in this case. (ECF No. 33 at ¶¶ 7, 10). Plaintiff also correctly alleges that CTI's principal place of business is 3651 Lindell Road, Suite D423A, Las Vegas, Nevada. (*Id.* at ¶ 7). Plaintiff also correctly alleges that Mr. Richardson is an individual resident of Nevada. (ECF No. 33 at ¶ 8).

Mr. Richardson previously operated a separate California limited liability company with the same name, but that California LLC has been inactive since Mr. Richardson moved to Nevada in 2019 and established the Nevada LLC that has maintained its principal place of business in Las Vegas, Nevada since that time. (Richardson Dec. at ¶¶ 8-10).

The Nevada LLC does not have and has never had any offices or other physical presence in California. (Richardson Dec. at ¶ 11). All of the officers and key employees of CTI who would have knowledge of the facts relevant to this action are residents of Nevada. (Richardson Dec. at ¶ 12). In paragraph 25 of its SAC, Plaintiff alleges that CTI has three employees in California: a "talent agent", a "C-suite executive," and a Vice President of Sales and Marketing. (ECF 33 at ¶ 25). There is an individual resident of California named Tommy Lambert who worked as a talent agent for the California LLC and whose LinkedIn page still shows him as working for CTI; however, he has not worked for CTI in over 6 ½ years and never worked for the Nevada LLC. (Richardson Dec. at ¶

-8-

13). Similarly, there is a CTI sales executive named Jason Richardson whose LinkedIn profile as of the SAC filing date had shown him living in California; however, he has in fact lived in Las Vegas for the past five years and had simply not updated his profile. (Richardson Dec. ¶ 14). CTI does have a single employee, a Vice President of Sales and Marketing, who works remotely from his personal residence in California; however, he was not responsible for maintaining the website at issue in this case. (Richardson Dec. at ¶ 15).

In its SAC, Plaintiff continues to make several jurisdictional allegations that were determined by the Court to be insufficient to support personal jurisdiction over CTI, such as allegations regarding submissions to the United States Patent and Trademark Office in 2014 and 2018 (when the California LLC was active). (ECF No. 33 at ¶¶ 15, 17). Plaintiff also continues to engage in sleight-of-hand to try to lump together the California LLC, the Nevada LLC, and Richardson personally as "CTI" – an approach that has already been rejected by this Court. (ECF No. 32 at 7-8). As Defendants have consistently stated, neither the inactive California LLC nor the active Nevada LLC are merely fictitious business names used by Mr. Richardson; instead, they are separate, legitimate limited liability companies duly organized under the laws of California and Nevada, respectively. (Richardson Dec. at ¶ 9).

Several of the SAC's new allegations refer to actions taken by the California LLC when it was still active. For example, Plaintiff refers to a presentation given by Mr. Richardson on behalf of CTI to the Association of Healthcare Professionals' 2018 conference in San Diego. (ECF No. 33 at ¶ 11). But this presentation occurred when the California LLC was still active and when Mr. Richardson still lived in California, well before the Nevada LLC was formed. Moreover, this presentation has nothing to do with the website at issue in this case. Similarly, Plaintiff references a post on CTI's Instagram page regarding San Diego Tourism Week (ECF No. 33 at ¶ 18), but does not state when this post was published nor allege that it has anything to do with the Nevada LLC, Richardson personally, or the website at issue.

-9-

The only cause of action alleged in the SAC remains copyright infringement. (ECF No. 33 at ¶¶ 34-39). The basis for this claim is that CTI reproduced eleven copyrighted photographs without permission on its website (celebritytalent.net). (ECF No. 33 at ¶¶ 30, 33). The website in question is maintained – and has been since 2019 – by CTI at its principal place of business, which is located in Nevada. (Richardson Dec. at ¶ 16). Other than being accessible to users in California (and throughout the world), there is no connection – and Plaintiff does not allege any – connection between the website and the State of California other than the fact that the website was previously maintained by the now-suspended California LLC prior to 2020.

In an attempt to subject Mr. Richardson personally to the jurisdiction of this Court, Plaintiff added several conclusory allegations (mostly in parenthetical asides) in the SAC regarding Mr. Richardson that are simply not true. For example, in paragraph 26, Plaintiff alleges that "CTI Nevada (and, upon information and belief, Richardson)" made references on CTI's various social media accounts to booking events that took place in California. (ECF No. 33 at ¶ 26). Similarly, Plaintiff alleges that "Defendants, and each of them (including, upon information and belief, Richardson)" were responsible for uploading the photographs at issue in this case to CTI's website (ECF No. 33 at ¶ 30), and that Mr. Richardson personally uploaded particular photo to CTI's website in 2016. (ECF No. 33 at ¶ 32). None of those allegations are true. Mr. Richardson personally does not maintain CTI social media pages and did not personally upload the photos to CTI's website or directly supervise their use on the website. (Richardson Dec. at ¶ 21).

Plaintiff – a New York limited liability company headquartered in New York – does not make any new allegations in the SAC to show that it has any connection to the State of California. The only allegation of a connection between the copyrighted photos or their authors and the State of California continues to be the vague allegation that "Numerous of the photographers who created the Subject Photographs (defined below) reside, work, and/or are based in this judicial district." (ECF No. 33 at ¶ 5). Other than Plaintiff's conclusory allegations in the SAC and Plaintiff's continued attempt to conflate the three

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

separate defendants into a single entity, there is nothing connecting the Nevada LLC generally or Mr. Richardson personally or their allegedly infringing actions specifically to California.

## III.    THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

### A. Legal Standard for Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) allows a district court to dismiss an action for lack of personal jurisdiction. When a defendant moves to dismiss a complaint for lack of personal jurisdiction, "[t]he plaintiff bears the burden of demonstrating that personal jurisdiction is proper." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1106 (9th Cir. 2020) (internal citations omitted); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) ("Although the defendant is the moving party on a motion to dismiss, the plaintiff bears the burden of establishing that jurisdiction exists."). "The court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2011).

When evaluating personal jurisdiction, courts "take as true all uncontroverted allegations in the complaint and resolve all genuine disputes in plaintiff's favor." *LNS Enters. LLC v. Continental Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022). However, Courts "cannot 'assume the truth of allegations in a pleading [if] contradicted by an affidavit,'" *Id.*

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman,* 571 U.S. 117, 125 (2014)*.* Under the relevant state law, namely California's long-arm statute, California state courts may exercise personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." *Id.*; Cal. Civ. Proc. Code Ann. § 410.10. Thus, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-801 (9th Cir. 2004).

-11-

Under the Due Process Clause of the Fourteenth Amendment, to exercise personal jurisdiction over an out-of-state defendant, the defendant must have "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted)). This minimum-contacts jurisdiction may be either "general or all-purpose jurisdiction," or "specific or case-linked jurisdiction." *Id.* at 919 (citing *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

**B. This Court Lacks General Jurisdiction over both CTI and Mr. Richardson.**

A defendant is subject to general personal jurisdiction in any state where a defendant is so "at home" in the forum that a court may adjudicate any claims against the defendant arising from anywhere in the world. *See Goodyear*, 564 U.S. at 919 (2011). Given the breadth of general personal jurisdiction, however, a plaintiff asserting that a court has general jurisdiction over a defendant must meet an "exacting standard for the minimum contacts required." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015).

With respect to corporate entities, the states where a corporation or other business entity (as opposed to an individual defendant) is subject to general jurisdiction are its place of incorporation and its principal place of business. *Id.* For an out-of-state business to be subject to general jurisdiction in a particular state requires such "constant and pervasive" contacts with the forum state that are so "continuous and systematic as to render the foreign corporation essentially at home in the forum State, i.e., comparable to a domestic enterprise in that State." *Id.* (quoting *Daimler*, 571 U.S. at 133 n.11).

It is undisputed that CTI is a limited liability company organized under the laws of Nevada and having its principal place of business in Las Vegas, Nevada. Other than the fact that Mr. Richardson previously operated a separate California LLC with the same name prior to moving to Nevada, there is absolutely no evidence that CTI, the Nevada LLC, has any contacts with California, let alone "constant and pervasive" contacts so

-12-

1  continuous and systematic to render CTI comparable to a California enterprise.
2  Accordingly, CTI is not subject to the general jurisdiction of this Court.

3      With respect to Mr. Richardson personally, California courts have general personal
4  jurisdiction over individuals domiciled in California **when suit is commenced** because a
5  current domiciliary has an established relationship with the state. *Milliken v. Meyer*, 311
6  U.S. 457, 462-464 (1940); *Allen v. Superior Court* 41 Cal.2d 306, 312-313 (Cal. 1953)
7  (emphasis added). The same is not true, however, of a former domiciliary. *Sullivan v.*
8  *Knobeloch*, A126696, No. CGC-09-486308, at *15 (Cal. App. Jul 08, 2010)
9  (unpublished). Instead, a former resident's contacts with the state must be evaluated to
10 determine whether the quality and nature of defendant's activity make it reasonable and
11 fair to require him or her to conduct a defense here. *See Pavlovich v. Superior Court*, 29
12 Cal.4th 262, 268 (Cal. 2002). Mr. Richardson has not lived in California for over six years
13 and has had no substantial activity in the state during that time. Accordingly, he is not
14 subject to general personal jurisdiction.

## C. This Court Lacks Specific Jurisdiction over Any of the Defendants

### 1. The Three-Prong Test for Specific Jurisdiction.

17     The Ninth Circuit applies a three-prong test to determine whether a district court
18 can exercise specific personal jurisdiction over a nonresident defendant: "(1) the defendant
19 must either 'purposefully direct his activities' toward the forum or 'purposefully avail
20 himself of the privileges of conducting activities in the forum'; (2) 'the claim must be one
21 which arises out of or relates to the defendant's forum-related activities'; and (3) 'the
22 exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be
23 reasonable.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir.
24 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

25     "The plaintiff bears the burden of satisfying the first two prongs of the test."
26 *Schwarzenegger*, 374 F.3d at 802. If the plaintiff fails to satisfy either of these prongs,
27 then it cannot establish specific personal jurisdiction in the forum state. *Id.* Only when
28 the plaintiff meets its burden on the first two prongs does the burden shift to the defendant

to "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

### 2. This Court Does Not Have Personal Jurisdiction over Mr. Richardson.

Mr. Richardson was added to this action with the filing of the FAC, which added both Mr. Richardson and the now-inactive California LLC as defendants. In that FAC, Plaintiff impermissibly attempted to have this Court assert personal jurisdiction over all of the named Defendants collectively by glossing over the fact that the three Defendants are distinct legal persons/entities. *See Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) (rejecting aggregation of co-defendants' forum contacts because "the requirements of International Shoe must be met as to each defendant over whom a . . . court exercises jurisdiction").

In granting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, this Court rejected Plaintiff's attempts to lump Mr. Richardson together with the other Defendants. (ECF No. 32 at 6-7). This Court also stated that "[t]he complaint is devoid of any allegations specifically about Richardson and his activities, including the nature and level of control he exercises over either of the LLC Defendants" in finding that it did not have personal jurisdiction over Mr. Richardson. (ECF No. 32 at 7).

Now, in its SAC, Plaintiff has merely inserted conclusory and untrue allegations that Mr. Richardson personally engaged in or supervised conduct regarding CTI's website and social media accounts that it previously attributed vaguely to "CTI." For example, in paragraphs 13 and 18 of its SAC, instead of referring to the activities of "CTI" or "Defendants" generally like they did in the FAC, they have now begun to allege that "Richardson and/or CTI Nevada" have engaged in certain alleged conduct. (ECF No. 33 at ¶¶ 14, 18). Similarly, in paragraphs 26, 30, and 32 of the SAC, Plaintiff alleges that "CTI Nevada (and, upon information and belief, Richardson)" has engaged in certain conduct. (ECF No. 32 at ¶¶ 26, 30, 32). This is no different than Plaintiff's previous attempts to conflate the various defendants that was previously rejected by this Court.

-14-

Only once in the SAC does Plaintiff allege a specific action taken by Mr. Richardson with regard to the subject matter of this lawsuit, namely that Mr. Richardson personally uploaded one of the photos that are the subject of this lawsuit to CTI's website in 2016. (ECF No. 32 at ¶ 32). The problem is that neither this specific allegation nor the vague allegations above about Mr. Richardson's personal involvement are true and are contradicted by the declaration of Mr. Richardson. (*See* Section II, above). This Court cannot therefore assume the truth of such allegations in the SAC. It follows that there is absolutely no basis for specific jurisdiction over Mr. Richardson in California.

### 3.  This Court Lacks Specific Jurisdiction over CTI

#### a.  CTI Did Not Purposefully Direct its Activities toward California.

The first prong of the specific jurisdiction test – whether the defendant "purposefully direct[ed]" its activities toward the forum or "purposefully avail[ed] himself" of the privileges of conducting activities in the forum is actually two separate and distinct concepts, and the test that applies depends on the nature of the lawsuit. *Schwarzenegger*, 374 F.3d at 802. When – as here – the cause of action is copyright infringement, "purposeful direction" is the proper test to apply for the first prong. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (finding that copyright infringement is a tort-like cause of action for which purposeful direction "is the proper analytical framework.").

The purposeful direction test, "often referred to as the 'effects' test, derives from *Calder v. Jones*, 465 U.S. 783 (1984)." *Axiom Foods, Inc.*, 874 F.3d at 1069 (citation omitted).  The "effects" test "focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Mavrix Photo*, 647 F.3d at 1228. Under the effects test, … a defendant purposefully directs its activities toward the forum when the defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 980 (9th Cir. 2021).

-15-

Defendants concede that Plaintiff has sufficiently alleged – solely for purpose of the analysis of personal jurisdiction under *Calder* – that such alleged reproduction constitutes an "intentional act" under the "relatively low" threshold of "what constitutes an intentional act." *AirWair Int'l Ltd. v. Schultz*, 73 F. Supp. 3d 1225, 1233 (N.D. Cal. 2014).

"The second prong of [the] test, 'express aiming,' asks whether the defendant's allegedly tortious action was 'expressly aimed at the forum.'" *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015). In applying this test, courts must "look to the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).

Merely maintaining a passive website alone cannot satisfy the express aiming prong. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("We consistently have held that a mere web presence is insufficient to establish personal jurisdiction."). Admittedly, a web presence coupled with "something more" may be sufficient to satisfy the "expressly aiming" prong of the test. *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998).

The "something more" required by a website to satisfy the express aiming prong of the test may consist of an "interactive" website. *See, e.g., Quigley v. Guvera IP Pty Ltd.*, 2010 WL 5300867 (N.D. Cal. Dec. 20, 2010). However, CTI's website is **not** interactive. CTI's website provides names, photos, and bios of potential celebrities for personal appearances, estimates of the associated costs, and information about how CTI operates. (Richardson Dec. at ¶ 17). Interested customers can then provide contact information to CTI, making the contact form on the website functionally equivalent to sending an email or placing a phone call to CTI. (Richardson Dec. at ¶ 18). No commercial activity takes place via the website itself, but it exists simply to provide information and a means for the customer to contact CTI. (Richardson Dec. at ¶ 19). All subsequent communication between CTI and the customer occur via email or telephone. (Richardson Dec. at ¶ 20).

-16-

Thus, CTI's website is more akin to a passive website that merely provides information and a means to contact a business rather than a truly interactive website where commercial activity is conducted on the site itself. Accordingly, CTI's website lacks the level of interactivity to provide the "something more" that is required to support specific jurisdiction based on a website.

### b. CTI Does Not Have Sufficient Commercial Contacts with California to Satisfy the "Expressly Aiming" Prong

Plaintiff's SAC contains several allegations not specifically related to CTI's website that allege connections between CTI and California, but these allegations are insufficient to support personal jurisdiction over CTI. For example, Plaintiff alleges that Mr. Richardson gave a presentation as "the principal and on behalf of CTI" at the Association of Healthcare Professionals' 2018 conference in San Diego. (ECF No. 33 at ¶ 11). The problem with this allegation is that it took place in 2018, before the Nevada LLC even existed and cannot therefore be used to allege that the Nevada LLC "expressly aimed" its activities at California.

Plaintiff also alleges that clients in California have utilized CTI's services and that CTI advertised that its staff can be onsite prior to and during events. (ECF No. 33 at ¶ 12). But this does not constitute "express aiming." CTI serves major convention cities throughout the United States (including some in California) where organizers are often looking for talent and might reach out to CTI. (Richardson Dec. at ¶ 22). CTI is itself located in Nevada and the potential customers can be located anywhere throughout the United States or even the world. (Richardson Dec. at ¶ 23). Some of CTI's customers are event organizers and those customers may themselves not be located in California even if they are organizing events in California. CTI employees do not necessarily appear in person at all events. (Richardson Dec. at ¶ 24). Tellingly, Plaintiff never specifically

-17-

alleges that any employees of the Nevada LLC have ever been present for events in California.[2]

Nor do mere references to California on CTI's website constitutes express aiming. The website merely indicates to convention organizers that CTI can assist in providing celebrities for events held anywhere – including popular convention cities in California and elsewhere; CTI is not expressly aiming its services to customers in those California cites simply because it uses references to those cities to drive traffic to the website. CTI, which provides services to clients worldwide, maintains a website – accessible worldwide – that provides clients and potential clients the means to search through potential performers based on such criteria as price range, categories (athletes, actors, motivational speakers, etc.), and topics. The Nevada LLC that is one of the Defendants bringing this Motion – which has never been located in California – does not "expressly aim" its efforts at California, either by specifically running advertisements directed toward California or by focusing users of its website to California-specific performers or venues.

Plaintiff also alleges that CTI has three employees located in California. As noted above in Section II, that is simply not true for two of the employees. One of them previously worked for the California LLC but has not been employed by any of the Defendants in over six years and never worked for the Nevada LLC. The other is an employee of CTI but has lived in Nevada for five years.

That leaves a single employee in California, a Vice President of Sales and Marketing, who works out of his personal residence and who was not responsible for the website at issue. That simply is not enough of a connection to California to support personal jurisdiction. *See Nottingham-Spirk Design Assocs., Inc. v. Halo Innovations, Inc.*, 603 F.Supp.3d 561, 570 (N.D. Ohio 2022) (finding that a single employee who worked from home and had no connection to the case was too "limited and attenuated" to support

---

[2] In paragraph 26, Plaintiff references two social media posts from 2019 where a representative from CTI attended an event, but these likely were from when the California LLC was still active and before the Nevada LLC was formed and fully took over the business.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

1    specific jurisdiction in the forum state). It follows that Plaintiff cannot satisfy the
2    "expressly aiming" prong of the purposeful direction test.

3              **c.  CTI did not cause harm that it knew was likely to be suffered**
4                      **in the forum.**

5              Even if this Court determines that CTI expressly aimed its activities toward
6    California, Plaintiff cannot show any harm suffered in California. For an act to cause
7    foreseeable harm in the forum state, a plaintiff must show (1) a defendant's intentional
8    and harmful conduct caused a jurisdictionally significant harm suffered within the forum,
9    (2) that foreseeably caused harm or effects in that forum due to the defendant's knowledge
10   of the plaintiff's residence or principal place of business within the forum, or knowledge
11   otherwise suggesting the plaintiff had reason to suffer harm in that forum. *See Mavrix*,
12   647 F.3d at 1231.

13             In the copyright context, it is foreseeable that harm is likely to be inflicted both in
14   the forum where the infringement took place and where the copyright holder has its
15   principal place of business. *Wash. Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668,
16   679 (9th Cir. 2012). *see also McGraw–Hill Cos. v. Ingenium Techs. Corp.*, 375 F.Supp.2d
17   252, 256 (S.D.N.Y.2005) ("It is reasonably foreseeable that the provision of materials that
18   infringe the copyrights and trademarks of a New York company will have consequences
19   in New York....")

20             But neither situation is present here. It is undisputed that Plaintiff is a New York
21   limited liability company with its principal place of business in New York. Similarly, any
22   alleged copyright infringement as a result of CTI's reproduction of photos on its website
23   took place where CTI operates and maintains its website, specifically Las Vegas, Nevada.
24   There is simply no harm to Plaintiff in California, let alone any harm in California that
25   was foreseeable to CTI.

26
27
28

-19-

### 4. The Copyright Infringement Claim Alleged by Plaintiff Did Not Arise Out of CTI's Forum-related Activities.

Even if this Court finds that CTI purposefully directed its activities toward California, by maintaining a website accessible to California consumers or providing services to clients in California, Plaintiff cannot show that the copyright infringement claim alleged in the Complaint arises out of or relates to CTI's forum-related activities.

Under the second prong of the Ninth Circuit's specific jurisdiction test, a court cannot establish personal jurisdiction over a defendant unless a plaintiff can show that its claims "arise out of the defendant's forum related activities." *See Panavision* 141 F.3d at 1322. This prong is satisfied if the plaintiff would not have been injured "but-for" the defendant's conduct in California. *Rio Properties*, 284 F.3d at 1021; *Shawarma Stackz LLC v. Jwad*, No. 21-cv-01263-BAS-BGS, 2021 U.S. Dist. LEXIS 235397, at *24-25 (S.D. Cal. Dec. 8, 2021).

As noted above, CTI has no specific California-directed activities at all, and any alleged harm to Plaintiff – a New York LLC – from the alleged copyright infringement as a result of a website maintained in Nevada occurs regardless of any of CTI's contact with the state of California. All of the alleged actions by CTI associated with Plaintiff's copyright infringement claims took place in Nevada, not California. There is simply no basis for this Court to conclude that CTI engaged in any California-specific activities related to alleged copyright infringement, let alone any activities that would not have caused harm to Plaintiff absent any connection to California. Accordingly, Plaintiff cannot satisfy the second prong of the test for specific jurisdiction.

### 5. Exercise of Jurisdiction Would Be Unreasonable.

Since Plaintiff has not – and cannot – satisfy either of the first two prongs of the test for specific jurisdiction, the burden does not shift to CTI and Mr. Richardson to demonstrate why California would be an unreasonable jurisdiction. Regardless, subjecting CTI and Mr. Richardson to personal jurisdiction in this Court would be unreasonable.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

In assessing the overall reasonableness and fairness of exercising personal jurisdiction, the court considers, among other things: (i) the extent of the defendant's purposeful injection into the forum; (ii) the burden on defendant to litigate the matter in the forum; (iii) the extent of conflict with the sovereignty of the defendant's state; (iv) the forum state's interest in adjudicating the dispute; (v) the most efficient judicial resolution of the controversy; (vi) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (vii) the existence of an alternative forum. *See Ziegler v. Indian River Cty.*, 64 F.3d 470, 474-75 (9th Cir. 1995). All of the factors either favor the Defendants or are neutral.

First, as discussed above, CTI and Mr. Richardson did not direct their activities towards California to a degree sufficient to satisfy the purposeful direction requirement. Second, Mr. Richardson is not a current resident of California – and hasn't been since 2019 – and neither CTI nor Plaintiff are California entities or have a place of business in California. Litigating this matter in California would be a significant burden on CTI and Mr. Richardson because they are both located in Nevada. Moreover, it can be assumed that the burden on Plaintiff would be the same whether this action remains in California or is litigated in CTI's home state of Nevada.

Finally, there is a clearly available alternate forum. CTI is a Nevada LLC with its principal place of business in Las Vegas, Nevada. Mr. Richardson is an individual resident of Nevada. It is undisputed that they would both be subject to personal jurisdiction in Nevada. Plaintiff bears the burden of proving the unavailability of an alternative forum. *Ziegler* 64 F.3d at 476. Here, it cannot demonstrate why its claims cannot be litigated in Nevada

### D. Conclusion on Personal Jurisdiction.

CTI and Mr. Richardson subject to either general or specific personal jurisdiction in this Court. They did not purposefully direct any of their activities toward California, and even if they did, those activities were not related to its allegedly infringing activity of reproducing copyrighted photos on its website, which is maintained in Nevada and

accessible worldwide. Additionally, subjecting CTI and Mr. Richardson to the jurisdiction of this Court would be unreasonable.

Accordingly, CTI and Mr. Richardson respectfully request that this Court dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## IV. IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS CASE TO THE DISTRICT OF NEVADA.

### A. Legal Standard.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" The analysis of whether an action should be transferred under Section 1404(a) largely overlaps with those considered in a forum non conveniens analysis. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (explaining that that "forum non conveniens considerations are helpful in deciding a § 1404 transfer motion.")

Transfer is appropriate when the moving party shows: (1) venue is proper in the transferor district court; (2) the transferee district court has personal jurisdiction over the defendants and subject matter jurisdiction over the claims; and (3) transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Courts have "broad discretion to transfer a case to another district where venue is also proper." *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F.Supp.2d 1093, 1108 (C.D. Cal. 2007).

### B. The District of Nevada has Personal Jurisdiction Over the Defendants and Subject Matter Jurisdiction Over the Claim.

The second prong for transfer under Section 1404 is that the proposed transferee court have personal jurisdiction over the defendants and subject matter jurisdiction over the claims. Defendants request that if this Court determines that they are subject to the

-22-

1  personal jurisdiction of this Court, that the case nonetheless be transferred to the United
2  States District Court for the District of Nevada.

3      Federal district courts have original and exclusive jurisdiction over copyright
4  infringement cases pursuant to 28 U.S.C. § 1338(a). CTI is a Nevada limited liability
5  company with its principal place of business in Las Vegas, Nevada, and Mr. Richardson
6  is an individual resident of Nevada. Accordingly, there is no dispute that the proposed
7  transferee court has both subject matter jurisdiction over the claims and general personal
8  jurisdiction over both Defendants.

9      With respect to the third element of the transfer analysis, courts must balance the
10 convenience of parties and witnesses, and the interests of justice. 28 U.S.C. § 1404(a);
11 *Young Props. Corp. v. United Equity Corp.*, 534 F.2d 847, 852 (9th Cir. 1976). The Ninth
12 Circuit has adopted a ten-factor test ("the *Jones* factors") for performing this balancing in
13 *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  The factors are as
14 follows: (1) the location where the relevant agreements were negotiated and executed, (2)
15 the state that is most familiar with the governing law, (3) the plaintiff's choice of forum,
16 (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiffs
17 cause of action in the chosen forum, (6) the differences in the costs of litigation in the two
18 forums, (7) the availability of compulsory process to compel attendance of unwilling non-
19 party witnesses, and (8) the ease of access to sources of proof, (9) the presence of a forum
20 selection clause, and (10) the relevant public policy of the forum state. *Id.*

21     This case does not belong in California and therefore should be transferred to
22 Nevada because California is an inconvenient forum for the parties, the court, and the
23 witnesses alike. First, all Parties' contacts with the forum and available witnesses favor
24 venue in Nevada. Plaintiff is a New York limited liability company with its principal place
25 of business in New York. CTI is a Nevada limited liability company with its principal
26 place of business in Las Vegas, Nevada. Mr. Richardson is an individual resident of
27 Nevada. None of the parties has any contacts with California, so the fourth *Jones* factor
28 favors transfer.

-23-

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

Any connection between Plaintiff's cause of action and the State of California are tenuous at best. The sole cause of action is copyright infringement based on allegations that CTI reproduced copyrighted photos on its website – maintained by CTI in Nevada – without permission. Accordingly, the fifth *Jones* factor favors transfer.

Similarly, the sixth (cost of litigation), seventh (compulsory process) and eighth (sources of proof) factors favor transfer. CTI has its principal place of business in Nevada and all of its relevant documents and witnesses are also located in Nevada. The principals of CTI – including Mr. Richardson – reside in Nevada and would be significantly inconvenienced if required to travel to California.

Conversely, Plaintiff is a New York company with its principal place of business in New York. Transferring this action from California to Nevada would make little difference to Plaintiff since its representative would have to travel across country in either case. Therefore, the costs of litigation would be reduced if this action were transferred there since Plaintiff would have to travel in either case, but none of CTI's principals or witnesses would have to.

The third *Jones* factor is plaintiff's choice of forum. Plaintiff in this case is a New York-based company without a California physical presence. Thus, its choice of forum should not be controlling in this case. *See Siddiqi v. Gerber Prods. Co.*, No. CV 12-1188 PA, 2012 U.S. Dist. LEXIS 190628, at *4 (C.D. Cal. Mar. 26, 2012).

Finally, both this Court and the Nevada Court are equally familiar with the governing law and there is no public policy of California that would be negatively impacted by transfer. Plaintiff's sole claim is copyright infringement, which is purely governed by federal law – in this case the law of the Ninth Circuit whether in California or Nevada.

Public policy factors include a state's "interest in having localized controversies decided at home." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 68 n.6 (2013), as well as its interest "in providing a forum for their injured residents." *Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*, Case No. C18-

-24-

0108JLR, at *6 (W.D. Wash. May 24, 2018). But, as discussed above, this is not a "localized controversy" with respect to California and Plaintiff is a resident of New York, not California, so California has no interest in providing a forum for an injured resident in this case. The public policy factor is neutral, at best.

### C. Summary of Transfer of Venue.

Even if CTI and Mr. Richardson are subject to the personal jurisdiction of this Court and venue is proper, this case should be transferred in the interests of justice and convenience to the parties and judicial economy. It could – and should – have been brought in Nevada, where Mr. Richardson, CTI, and all of its witnesses and evidence are located. Plaintiff is a New York company located in New York and the sole claim in this action is copyright infringement, which means that California has particular public policy interest in this case or special familiarity with the governing law. And Plaintiff's choice of forum should be given little weight since it is not a resident of the forum state. That this action was brought in this Court appears to be little more than a blatant example of forum shopping. This case belongs in Nevada.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

## V.    CONCLUSION

For the reasons set forth herein, there is neither general jurisdiction nor specific jurisdiction over CTI or Mr. Richardson in California, and Defendants respectfully request that this Court dismiss this case for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Alternatively, if the Court finds that CTI or Mr. Richardson is subject to the personal jurisdiction of this Court and venue is proper, CTI respectfully requests that this case be transferred to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a).

DATED: December 18, 2025

By:    */s/ Ryan Gile*_____
Ryan Gile, Esq. (State Bar No. 192802)
rg@gilelawgroup.com
**Gile Law Group Ltd.**
1140 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Telephone: (702) 703-7288

*Attorneys for Celebrity Talent International, LLC (Nevada) and Glenn Richardson*

**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2**

The undersigned, counsel of record for Defendant, certifies that this brief contains 6994 words (excluding the caption, the table of contents, the table of authorities, the signature block, the certification required by L.R. 11-6.2, and any indices and exhibits), which complies with the word limit of L.R. 11-6.1.

*/s/ Ryan Gile*
Employee, Gile Law Group Ltd.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

1

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF to all participants in the case who are registered CM/ECF users.

_/s/ Ryan Gile_____
Employee, Gile Law Group Ltd.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE