1  Ryan Gile, Esq.
2  California Bar No. 192802
   *rg@gilelawgroup.com*
3  **Gile Law Group Ltd**.
   1140 N. Town Center Drive, Suite 100
4  Las Vegas, NV 89144
   Tel. (702) 703-7288
5
6  *Attorneys for Defendants*
   *Celebrity Talent International, LLC (Nevada) and Glenn Richardson*
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10 | AUGUST IMAGE, LLC, a New York Limited Liability Company, | **Case No.: 2:25-cv-03652 MCS (PVCx)** |
|---|---|
11 | | **DEFENDANTS CELEBRITY TALENT INTERNATIONAL, LLC'S (NEVADA) AND GLENN RICHARDSON'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE** |
12 | Plaintiff, | |
13 | v. | |
14 | CELEBRITY TALENT INTERNATIONAL, LLC, a California Limited Liability Company; CELEBRITY TALENT INTERNATIONAL, LLC, a Nevada Limited Liability Company; GLENN RICHARDSON, an individual; and DOES 1-10, | |
15 | | |
16 | | |
17 | | Judge: Mark C. Scarsi |
18 | Defendants. | Hearing Date: February 2, 2026 |
19 | | NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |
20

21
22
23
24
25
26
27
28

-1-

1

**TABLE OF CONTENTS**

2

3

I.    This Court Does Not Have Personal Jurisdiction over Glenn Richardson Personally. 4

4

5

II.   CTI Nevada Does Not Purposefully Aim its Activities to California. ........................ 5

6

a.   CTI's Website Is Not Sufficiently "Interactive" to Support Specific Jurisdiction

7

over the Nevada Entity. ......................................................................................... 5

8

b.   CTI Nevada and Mr. Richardson Do Not Have "Continuing and Deliberate

9

Connections in California." .................................................................................. 8

10

III.  CTI Did Not Cause Harm That Was Suffered in California ................................... 10

11

12

IV.   Personal Jurisdiction over CTI in California Would Be Unreasonable ................. 10

13

V.    Defendants Are Not Required to Make a "Strong Showing" to Overcome Plaintiff's

14

Choice of Forum. ...................................................................................................... 12

15

VI.   Conclusion ............................................................................................................... 12

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**

**Cases**

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017) ...................... 10

*Bratt v. Love Stories TV, Inc.*, 713 F. Supp. 3d 847 (S.D. Cal. 2024) ................................ 7

*Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025) ..................................................... 5, 6

*Brown v. Gen. Steel Domestic Sales, LLC*, 2008 WL 2128057 (C.D. Cal. May 19, 2008) 5

*Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085 (9th Cir. 2023) ............................ 7

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011) ........................ 10

*Nottingham-Spirk Design Assocs., Inc. v. Halo Innovations, Inc.*, 603 F.Supp.3d 561 (N.D. Ohio 2022) ................................................................................................................. 9

*Quigley v. Guvera IP Pty. Ltd.*, 2010 U.S. Dist. LEXIS 134409 (N.D. Cal. Dec. 20, 2010). ................................................................................................................................... 7

*Shuffle Master, Inc. v. Kardwell Int'l, Inc.*, 2013 WL 12126745 (C.D. Cal. Apr. 23, 2013) ............................................................................................................................................. 12

*Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191 (9th Cir. 1988) .................................... 8

**Statutes**

28 U.S.C. § 1404(a) ...................................................................................................... 4, 12

**Rules**

Fed. R. Civ. P. 12(b)(2) .................................................................................................... 12

Local Rule 16-15.5(b) ....................................................................................................... 11

Local Rule 7-14 .................................................................................................................. 11

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

Defendants Celebrity Talent International, LLC (a Nevada limited liability company) ("CTI Nevada"), and Glenn Richardson ("Mr. Richardson") (collectively, "Defendants") respectfully submit this reply in support of their Motion to Dismiss the Second Amended Complaint ("SAC"), or in the alternative, to transfer venue to the District of Nevada pursuant to 28 U.S.C. § 1404(a).

## I.   This Court Does Not Have Personal Jurisdiction over Glenn Richardson Personally

Plaintiff is again impermissibly attempting to have this Court assert personal jurisdiction over both CTI Nevada and Mr. Richardson personally by lumping them together as "Defendants" and ignoring the fact that they are distinct legal entities and that Mr. Richardson was not personally involved in creating or maintaining the website where the allegedly infringing photos were posted.

This Court previously rejected Plaintiff's attempts to lump Mr. Richardson together with the other Defendants and stated that the First Amended Complaint was "devoid of any allegations specifically about Richardson and his activities, including the nature and level of control he exercises over either of the LLC Defendants." (ECF No. 32 at 7).

In its SAC, Plaintiff included only a single allegation in the SAC of a specific action taken by Mr. Richardson with regard to the subject matter of this lawsuit, namely that Mr. Richardson personally uploaded one of the photos that is the subject of this lawsuit to CTI's website in 2016. (ECF No. 32 at ¶ 32).

This allegation was specifically contradicted by Mr. Richardson himself in his declaration in support of Defendants' Motion to Dismiss. (ECF No. 34-3 at ¶ 21). In its opposition, Plaintiff acknowledges in a footnote that Mr. Richardson denied that he personally uploaded the photographs to the website, but attempts to avoid the effects of this denial by stating that Mr. Richardson was "silent on whether he directed or was the guiding force behind their upload…" (ECF No. 38 at ¶ 12, n.6). The problem is that Plaintiff never alleged that Mr. Richardson "directed" or "was the guiding force behind" their upload; instead, Plaintiff alleged that Mr. Richardson *personally uploaded* the

-4-

photographs – an allegation specifically denied by Mr. Richardson. In addition, Plaintiff never defines what "directed" or "was the guiding force behind" mean in this context or explain how that, even if these allegations were true, they would subject Mr. Richardson personally to the jurisdiction of this Court.

Plaintiff also references a presentation that Mr. Richardson gave in San Diego in 2018. (ECF No. 38 at pp. 8-9). But, as discussed previously, this presentation – which had nothing to do with the website at issue – occurred when the California LLC was still active and when Mr. Richardson still lived in California, well before the Nevada LLC was formed. Plaintiff argues that this "demonstrates Richardson's personal conduct expressly aimed at California," citing *Brown v. Gen. Steel Domestic Sales, LLC*, 2008 WL 2128057, at *10 (C.D. Cal. May 19, 2008). In that case, however, the court declined to find an individual corporate officer subject to personal jurisdiction because there was no evidence that the individual officer played any role in the infringing advertisements that were the subject of the lawsuit. *Id.* at *41-42. Plaintiff makes no attempt to argue why a presentation that Mr. Richardson gave in 2018 – when he still lived in California and that has nothing to do with the claims in this case – should subject him to personal jurisdiction here.

## II. CTI Nevada Does Not Purposefully Aim its Activities to California.

### a. CTI's Website Is Not Sufficiently "Interactive" to Support Specific Jurisdiction over the Nevada Entity.

Plaintiff argues that CTI's website is not merely a passive website but that it is sufficiently "interactive" to support personal jurisdiction in California over CTI Nevada. (ECF No. 38, at pp. 3-4). Plaintiff cites the case of *Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025) to support its argument that no "differential targeting" or "forum-specific focus" is necessary for a nationally-available website to be considered engaged in express aiming. (ECF No. 38, at p. 3). But a closer look at the facts of *Briskin* demonstrates the substantial differences between the website at issue there and CTI's website, and make clear that *Briskin* is inapposite.

In that case, the plaintiff placed an online order for goods from a retailer and as part of the transaction submitted personal information, including his full name, delivery and billing addresses, phone number and credit card details. 135 F.4th at 747. Unbeknownst to the plaintiff, however, he was not submitting his information to the retailer whose website he was visiting but instead to Shopify, an e-commerce platform that facilitates online sales for merchants with whom it contracts. *Id.* In addition to failing to disclose its role in the transaction, Shopify also installed tracking cookies onto his device, enabling it to track the plaintiff's behavior across Shopify's vast merchant network, including geolocation data, the identity of his browser, the IP address, payment information, and where the transaction was completed – information that Shopify then used to create user profiles using the collected data for the benefit of its merchants and shared with other third parties who store, analyze, and market that information to their customers. *Id.* at 747-48.

The plaintiff then filed a class action in California alleging that Shopify's actions violated California data privacy and access laws and constitute unfair and deceptive practices. *Id.* at 749. The Ninth Circuit reversed the district court's finding that Shopify was not subject to specific personal jurisdiction in California, holding that "Shopify expressly aimed its conduct at California through its extraction, maintenance, and commercial distribution of the California consumers' personal data in violation of California laws." *Id.* at 756. The Ninth Circuit analogized this case to a situation where a third party physically entered a Californian's home by deceptive means to take personal information from the Californian's files for its own commercial gain in concluding that obtaining the same information electronically through surreptitious interception of the plaintiff's personal identifying information certainly is a relevant contact with the forum state. *Id.* at 756-57.

This is a far cry from how CTI's website operates. There is no allegation that CTI surreptitiously gathers a user's personal information such as credit card numbers or that it shares any personal information with third parties without the user's consent. Instead, as discussed previously, CTI's website allows users to voluntarily submit sufficient

information (name, telephone number, email, potential budget, etc.) directly to CTI to allow it to then contact that user. (ECF No. 34-1, at p. 16). Furthermore, the alleged harm in *Briskin* was suffered by California residents directly because of Shopify's surreptitious gathering and sharing of personal information. Here, any harm caused by CTI's alleged copyright infringement would be suffered not by putative California visitors to CTI's website but by the New York-based Plaintiff in this case.

None of the other cases cited by Plaintiff are any more helpful. For example, in *Herbal Brands, Inc. v. Photoplaza, Inc.*, the court held that merely hosting an interactive website where visitors can exchange information with the host computer by inputting data directly does not alone establish "express aiming." 72 F.4th 1085, 1092 (9th Cir. 2023). Instead, the court specifically held that "the sales of physical products into a forum via an interactive website can be sufficient to establish that a defendant expressly aimed its conduct at the forum…" *Id.* at 1094.

Similarly, in *Quigley v. Guvera IP Pty. Ltd.*, the court found that the defendant's website was interactive, commercial, and targeted at California residents because it allowed users to obtain free music only if they registered and entered personal information about themselves, including their zip code, which the defendant then used to match consumer profiles with advertiser preferences, which in turn allowed the defendant to collect fees from advertisers with which to pay licensing fees for the music. 2010 U.S. Dist. LEXIS 134409, at *9-10 (N.D. Cal. Dec. 20, 2010).

Likewise, in *Bratt v. Love Stories TV, Inc.*, the court found that there was "something more" than a passive website because the defendant used its website to cultivate business-to-business relationships with California wedding vendors and engaged in allegedly infringing conduct while aware of its California-based competitor's trademark rights. 713 F. Supp. 3d 847, 859 (S.D. Cal. 2024).

Finally, in *Sinatra v. National Enquirer, Inc.*, the court held that a Swiss clinic was subject to personal jurisdiction in California when it concocted a false story about Frank Sinatra – a resident of California – as part of a scheme to use the story and related

-7-

advertising to solicit customers to its clinic from California. 854 F.2d 1191,1192 (9th Cir.
1988). The court relied on the fact that the false statements "were expressly calculated to
cause injury in California, the defendants knew the plaintiff would feel the injury in
California, and the defendants expected to benefit directly from the statements." *Id.* at
1198.

None of these situations are present here. CTI merely operates a passive website
that provides information and a means for potential customers anywhere to contact CTI
and potentially engage its services. There is no "something more" that is needed for CTI's
website to support personal jurisdiction.

### b. CTI Nevada and Mr. Richardson Do Not Have "Continuing and Deliberate Connections in California."

Plaintiff attempts to buttress its argument that CTI Nevada deliberately and
sufficiently targets California to support specific jurisdiction by lumping together website
puffery, unrelated social media posts, and the presence of a single employee who works
remotely from California. But these tenuous connections that CTI Nevada has with
California are not evidence of "continuing and deliberate connections."

Plaintiff cites several instances where CTI's website makes reference to California
locations and venues and to individuals who may be associated with cities in California.
For example, Plaintiff points out that CTI's website references a handful of event venues
in the San Francisco area and lists "Joe Montana" and "Jerry Rice" as "specific" to San
Francisco. (ECF No. 38, at p. 6). CTI Nevada does not have ongoing relationships with
either the event venues or with the listed celebrities; it simply assists clients in negotiating
contracts between the client and the performer. (ECF No. 34-3, at ¶ 5). In creating its non-
interactive website, CTI simply listed several popular convention cities along with
potential event venues in those cities and celebrities that may be associated with those
cities. Such advertising puffery is not evidence of deliberate and continuous contacts with
California.

-8-

Nor are CTI Nevada's social media posts evidence of any connection between CTI and California. Plaintiff references the fact that CTI Nevada's LinkedIn page reposted marketing from the Academy Museum of Motion Pictures in Los Angeles regarding the museums "week of programming" for "the 95th Oscars" in 2023. (ECF No. 38, at p. 9). But a closer look at this post (ECF No. 38-10, at p. 2) shows that CTI simply reposted the museum's post with the question "Anyone having an Oscar party?" There is nothing to indicate that CTI Nevada had anything to do with the museum's programming week in Los Angeles or that CTI Nevada had anything to do with any Oscar parties, whether in California or elsewhere. Surely this is not evidence of CTI Nevada deliberately targeting California.

Similarly, Plaintiff references social media posts by CTI Nevada about a Beatles tribute band and a comedian as potential celebrities that CTI Nevada can assist in booking, and those posts included references to and photos of them performing in California. (ECF No. 38, at pp. 9-10). But there is no evidence that CTI Nevada had anything to do with those California performances. The fact that CTI Nevada can assist in booking celebrities that once performed in California cannot constitute evidence that CTI Nevada is specifically targeting California to an extent necessary to support personal jurisdiction.

Finally, Plaintiff continues to argue that the presence of a single employee of CTI Nevada who lives in California and works remotely from his home is sufficient to show substantial contacts with California. (ECF No. 38, at p. 7).  As discussed in Defendants' initial Motion, this employee was not responsible for the website at issue, either directly or indirectly. (Declaration of Douglas Sterling, at ¶ 4). And the presence of a single remote employee in a state is clearly insufficient to support personal jurisdiction. *See Nottingham-Spirk Design Assocs., Inc. v. Halo Innovations, Inc.*, 603 F.Supp.3d 561, 570 (N.D. Ohio 2022).[1]

---

[1] Plaintiff also continues to reference CTI Nevada employee Jason Richardson as evidence of CTI Nevada's connection to California despite the fact that he has lived in Nevada for the last five years and simply didn't update his LinkedIn profile. (Declaration of Jason Richardson, at ¶¶3-5).

### III.    CTI Did Not Cause Harm That Was Suffered in California

Plaintiff continues to argue that by allegedly infringing the copyright in the photos at issue, CTI "harmed August's California-based, entertainment- and media-driven market value that depends on exclusivity of use," citing *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011) (ECF No. 38, at p. 13). However, in *Mavrix Photo*, the website itself was the service that was expressly aimed into California, and the plaintiff had offices and a registered agent for service in California. *Id.* at 1222.

The services provided here by CTI are qualitatively different; they consist of matching customers looking for celebrities with the agents or managers of those celebrities, not a celebrity website that features photos and stories of celebrities. Plaintiff does not explain how CTI's alleged infringement interferes with its rights in the same way as did the defendant in *Mavrix Photo*.

Plaintiff's second argument is that several of the photographers who took the photos allegedly infringed by CTI are based in California. (ECF No. 38, at p. 13). However, Plaintiff still does not explain – let alone prove – how CTI's alleged infringement caused harm in California to those California-based photographers that was foreseeable by CTI. The fact that some of the photographers of the photographs at issue are based in California is simply too attenuated to make it foreseeable that alleged infringement by a Nevada company of copyrights owned by a New York company caused harm in California.

### IV.    Personal Jurisdiction over CTI in California Would Be Unreasonable

Even if it satisfies the first two prongs of the specific jurisdiction analysis, Plaintiff must also show that the exercise of personal jurisdiction by this court is "reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017).

Plaintiff first argues that the fact that Defendants interjected themselves into California through their business in California and their purposeful direction of Defendants' Website to California "strongly weighs in favor of exercising personal jurisdiction." (ECF No. 38, at pp. 14-15). But as discussed above, that fact is simply not true.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

1    Second, Plaintiff argues that litigating in California would not be burdensome to
2    CTI Nevada and Mr. Richardson. In making this argument, Plaintiff makes several
3    unfounded assumptions, such as: the evidence in this case is largely online and will be
4    exchanged electronically; telephonic hearings are available in the event of discovery
5    disputes; participation of the parties' principals will be limited to depositions, mediation,
6    and a single trial; few of Defendants' employees would be called as witnesses or required
7    to attend any proceedings; and depositions and mediation will most likely be conducted
8    virtually. (ECF No. 38, at p. 15).

9    Not only are these assertions pure speculation on the part of Plaintiff, they ignore
10   this Court's own rules and procedures. For example, Local Rule 7-14 states, "Counsel for
11   the moving party and the opposing party shall be present on the hearing date and shall
12   have such familiarity with the case as to permit informed discussion and argument of the
13   motion" and this Court's own procedures states, "Only rarely will the Court permit
14   appearances by telephone for oral argument on motions." Furthermore, Local Rule 16-
15   15.5(b) states that when it comes to Alternative Dispute Resolution (ADR), which would
16   include mediation, "Each party shall appear at the settlement proceeding in person or by
17   a representative with final authority to settle the case."

18   Mr. Richardson is a resident of Nevada and CTI Nevada is a Nevada company
19   entirely located in Nevada.  In addition, as discussed previously (ECF No. 30-1, at ¶ 12),
20   due to both his advanced age (73) and serious injuries, it is very difficult for Mr.
21   Richardson to travel (and he has rarely traveled outside of Nevada since moving there in
22   2019). Defendant's counsel of record, Ryan Gile, is also based in Las Vegas, Nevada.
23   Even if modern technology allows for remote appearances for a variety of purposes, this
24   Court does not, and Plaintiff should not pretend otherwise. Accordingly, litigating this
25   action in California presents a substantial burden to Defendants and their counsel.

26
27
28

**V.    Defendants Are Not Required to Make a "Strong Showing" to Overcome
Plaintiff's Choice of Forum.**

Plaintiff argues that Defendants have not made the "strong showing" necessary to
overcome Plaintiff's choice of forum, citing *Shuffle Master, Inc. v. Kardwell Int'l, Inc.*,
2013 WL 12126745, at *9 (C.D. Cal. Apr. 23, 2013) for the proposition that plaintiffs are
entitled to deference in their choice of forum even where they are not residents in the
district. (ECF No. 38, at p. 17). But *Kardwell* stands for nearly the opposite proposition,
stating that "a Plaintiff's choice of forum is entitled to less deference when the Plaintiff
elects to pursue the case in a forum in which it is not a resident." It follows that Defendants
need not make a "strong showing" to overcome the choice of a New York plaintiff to
litigate in California.

**VI.    Conclusion**

For the reasons set forth herein, this Court does not have personal jurisdiction over
CTI Nevada or Mr. Richardson in California, and Defendants respectfully request that this
Court dismiss this case for lack of personal jurisdiction pursuant to Fed. R. Civ. P.
12(b)(2). Alternatively, Defendants respectfully request that this case be transferred to the
United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a).

DATED: January 9, 2026

By:    */s/ Ryan Gile*
Ryan Gile, Esq. (State Bar No. 192802)
rg@gilelawgroup.com
**Gile Law Group Ltd.**
1140 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Telephone: (702) 703-7288

*Attorneys for Celebrity Talent International, LLC
(Nevada) and Glenn Richardson*

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2

The undersigned, counsel of record for Defendant, certifies that this brief contains fewer than 3000 words (excluding the caption, the table of contents, the table of authorities, the signature block, the certification required by L.R. 11-6.2, and any indices and exhibits), which complies with the word limit of L.R. 11-6.1 and Paragraph 9(d) of this Court's Standing Order on Civil Cases.

*/s/ Ryan Gile*
Employee, Gile Law Group Ltd.

-13-

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on January 9, 2026, I electronically filed the foregoing document

3   with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of

4   the foregoing document is being served via transmission of Notices of Electronic Filing

5   generated by CM/ECF to all participants in the case who are registered CM/ECF users.

6

7                              */s/ Ryan Gile*_____

8                              Employee, Gile Law Group Ltd.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, ALTERNATIVELY TO TRANSFER VENUE